IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-871-SLR |
| | ) |
| C/O LIEUTENANT TAYLOR, NURSE | ) |
| CAROL, NURSE KERA, WARDEN TOM | ) |
| CARROLL, CORRECTIONAL MEDICAL | ) |
| SERVICES, UNKNOWN DEPARTMENT | ) |
| OF JUSTICE (DE) STATE | ) |
| DETECTIVE 1, UNKNOWN | ) |
| DEPARTMENT OF JUSTICE (DE) | ) |
| STATE DETECTIVE 2, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Lou Garden Price, Sr., an inmate at Delaware Correctional Center ("DCC"), Smyrna, Delaware, brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on January 4, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against defendant Correctional Medical Services ("CMS") is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.   THE COMPLAINT**

Plaintiff alleges that while in the custody of the Pennsylvania Department of Correction, and specifically on August

25, 2005, he underwent unsuccessful carpel tunnel[1] release surgery. Plaintiff was paroled on September 21, 2005, to DCC. He alleges that during his transfer to DCC, defendant Lieutenant Taylor ("Taylor"), who knew about the recent surgery, handcuffed him too tightly causing him extreme pain and duress during the three hour trip. Plaintiff further alleges that two unknown Delaware Department of Justice detectives were present during the transfer and knew about the recent surgery, but they did not use other methods of restraint.

Plaintiff alleges that upon arrival at DCC he sought, and was refused, medical treatment by defendants Nurses Carol and Kera. He alleges he was not seen by a physician until October 5, 2005. At that time, plaintiff alleges he was prescribed narcotics and a right hand splint. He complains of pain shooting through his hand, fingers, wrist, arm, and neck. Plaintiff alleges that he has written to Warden Carroll regarding the situation, to no avail.

Plaintiff asks the court to compel the CMS medical director to perform an emergency EMG[2] so that he can be scheduled for a second carpal tunnel surgery. Alternatively, plaintiff requests

---

[1] Carpal tunnel syndrome is defined as chronic pain and paresthesia in the hand in the area of distribution of the median nerve, caused by compression of the median nerve by fibers of the flexor retinaculum and associated with repetitive motion. Stedman's Medical Dictionary 130 (2d ed. 2004).

[2] Electromyogram. Stedman's Medical Dictionary 258 (2d ed. 2004).

2

that the court order the physician who performed the original surgery in Pennsylvania to "re-do" the surgery.

Plaintiff filed an amendment to his complaint on February 6, 2006, alleging that around the end of December 2005 DCC took him to an outside specialist who performed an EMG. (D.I. 11) Plaintiff alleges that the EMG indicated permanent damage to his right hand.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent

3

standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Plaintiff provides no details regarding the alleged acts or omissions of defendant CMS. Rather than make allegations, plaintiff in essence seeks injunctive relief by asking the court to compel CMS to conduct an EMG and schedule him for a new surgery[3].

Pro se plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). Nonetheless, plaintiff's complaint "lack[s] enough detail to...serv[e] its function as a guide to discovery." Alston v. Parker, 363 F.3d at 253 (internal citations omitted). More so, it does not adequately apprise CMS of the claims allegedly brought against it. As currently

---

[3]Plaintiff makes the same request to the court in his December 7, 2005, letter. (D.I. 4) He explains that he needs the EMG to confirm the existence of carpal tunnel syndrome. In his amended complaint, plaintiff alleges that an EMG was performed during the latter part of December 2005 at an outside medical facility. (D.I. 11)

4

presented, the claim against CMS has no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. Therefore, the claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff, however, is given leave to file a second amended complaint.

**IV. Appointment of Counsel**

In the last paragraph of his complaint, plaintiff asks the court to appoint counsel on the basis that he needs assistance in writing and filing the proper documents due to pain in his writing hand. (D.I. 2) He also filed a motion for appointment of counsel on February 6, 2006. (D.I. 9) In his motion plaintiff seeks appointed counsel on the bases that: (1) he is incarcerated, (2) he is unskilled in the law, (3) he has limited law library access, (4) appointed counsel would serve "the best interests of justice" in the case, (5) he cannot fully investigate the matter because two states are involved, (6) he has right hand pain, (7) the case is complex and involves medical issues, and (8) the recent EMG indicating he has permanent right hand damages lends credence to his claim. Id.

Plaintiff, as a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff. This is done "upon a showing of special

circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, the court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments. Additionally, body pain is normally not a ground for appointment of counsel. Accordingly, plaintiff's motions for appointment of counsel (D.I. 2, 9) are denied without prejudice with leave to refile, following service upon the defendants.

## V.  DISCOVERY

Plaintiff filed a motion for discovery pursuant to Fed. R. Civ. P. 26(a)(1)(A) and (B). (D.I. 10) He asks the court to order the Delaware Department of Correction, the State of Delaware, and Warden Carroll to provide him with the full names and addresses of the defendants named in this case. He also asks the court to order CMS to provide him with a complete copy of his

6

medical file, correction file, and all "tangible things" in its possession or control that could be used to support its claim or defenses.

Plaintiff seeks discovery under Rule 26(a) of the Federal Rules of Civil Procedure. Rule 26(a) provides for initial discovery disclosures. Excluded from Rule 26 are, as in this case, actions brought without counsel by a person in custody. Fed. R. Civ. P. 26(a)(1)(E)(iii).

Discovery requests are premature at this early stage of the litigation. Plaintiff's discovery requests, therefore, are denied without prejudice with leave to file upon service of defendants.

## VI. CONCLUSION

NOW THEREFORE, at Wilmington this _1st_ day of March, 2006, IT IS HEREBY ORDERED that

1. Plaintiff's claim against CMS is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to file a second amended complaint. The amended complaint shall be filed within **45 days** from the date of this order.

3. The court has identified the following cognizable Eighth Amendment claims: excessive force against C/O Lieutenant Taylor, failure to protect against Unknown Delaware Department of

Justice State Detective 1 and Unknown Delaware Department of Justice State Detective 2, and deliberate indifference to serious medical needs against Nurse Carol, Nurse Kera, and Warden Tom Carroll.

4. If a second amended complaint is not filed within the time allowed, then the case will proceed on the original complaint and amended complaint (D.I. 2, 11) against defendants C/O Lieutenant Taylor, Nurse Carol, Nurse Kera, Warden Tom Carroll, Unknown Delaware Department of Justice State Detective 1, and Unknown Delaware Department of Justice State Detective 2.

5. Plaintiff's motions for appointment of counsel (D.I. 2,9) are DENIED without prejudice with leave to refile upon service of defendants.

UNITED STATES DISTRICT JUDGE