In The United States District Court
For The District of Delaware

Lou G. Price, Sr.
                Plaintiff,
        v.

C.O. Lieutenant Taylor,
Carol (Nurse), "Kera" (Nurse)
CMS-D.C.C. Medical
Administrator Chris
Malaney, Correctional Medical
Services (CMS), Warden Tom
Carroll, Betty Burris (operational
Manager of D.C.C.), C.O. Staff
Lieutenant Profaci, Major Holman,
Unknown/John Doe Department of
Justice (DE.) State Detective #1,
Unknown/John Doe Department
of Justice (DE.) State Detective #2,
they are all sued in their
individual and official capacities.
                Defendants.

. Civil No. 05-871-SLR

. Jury Trial Requested



FILED

APR 1 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Preliminary Statement (Amended Complaint)

This is a civil rights action Filed by Lou G. Price, Sr., who
is pro se, and a Delaware state prisoner, Filing for damages
and injunctive relief under 42 U.S.C. §1983, alleging excessive
use of force (during restraints while transferring from Pa. DOCS
to De. DOCS) and denial of medical care in violation of the
Eighth Amendment to the United States Constitution. The plaintiff
also alleges the torts of negligence, assault, and battery.

Jurisdiction

1). The United States District Court For The District of Delaware has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2). The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

★ <u>Parties</u> ★

3). The plaintiff, Lou Garden Price, Sr. was incarcerated in the custody of the Delaware Department of Corrections during the events described in this Complaint.

4). Defendant Correction Officer Lieutenant <u>Taylor</u> is a Lieutenant C.O. employed at <u>Delaware Correctional Center</u> (as of September 21st, 2005, and is <u>still</u> an employee to the best of plaintiff's knowledge working with D.C.C. CERT/QRT team). He is sued in his individual capacity as well as in his official capacity.

5). Defendants <u>Unknown/John Doe</u> Department of Justice (DE) <u>State Detective #1</u>, and <u>Unknown/John Doe</u> Department of Justice (DE.) <u>State Detective #2</u> are employed by The Department of Justice (DE.). They are sued in their individual as well as in their official capacities. (Their names are presently unknown to plaintiff).

6). Defendants <u>Carol (Nurse)</u>, "<u>Kera</u>" (Nurse) and <u>Correctional Medical Services</u> are a contracted (St. Louis, Mo.—based) medical provider to D.C.C. Nurses Carol and "Kera" (her name for short) are both employed at D.C.C.—(CMS is their company). They are sued in their individual and official capacities. (Both nurses' full names are unknown presently)

7). Defendant <u>CMS - D.C.C. Medical Administrator Chris Malaney</u> is employed by CMS and/or D.C.C. he is sued in individual and official capacity.

8). Defendant <u>Tom Carroll</u> is the <u>warden</u> of D.C.C. and is responsible for all those employed at D.C.C. and he is in charge of reviewing misconduct of employees and injury claims resulting therefrom.

9). Defendant <u>Betty Burris</u> is the Operational Manager of D.C.C. She is generally responsible for the "overseeing" of each level of Administration, the staff, and ensuring that each facet of facility authority is working effectively, and legally, and it is her responsibility to order and/or intervene on a prisoner's behalf when he is being neglected medically and being subject to cruel and unusual punishment by staff under her supervision and management. She also facillitates transportation of prisoners to outside medical appointments whether general or emergency. She is sued in her individual and official capacities. (She is also known as a <u>Deputy Warden</u>).

10). Defendant C.O. <u>Staff Lieutenant Profaci</u> is the Correctional lieutenant in charge of the MHU as well as the "SHU Flowdown" or Building #21 where plaintiff was initially housed (upon his arrival September 21st he was classified and placed in this "lockdown" unit the very next day). <u>She</u> is sued in her individual and official Capacities.

11). Defendant <u>Major Holman</u> is the supervisor of security personnel/staff at D.C.C. — including Correction officers, sergeants, and corporals as well as lieutenants, captains and Staff Lieutenants. Lieutenant Profaci is under Major Holman's supervision. He is sued in his individual and official capacities.

12). All the defendants have acted, and to the best of plaintiff's knowledge, continue to act, under color of state law at all times relevant to this complaint.

★ FACTS★ (And Amendment of December 3rd 2005 Complaint).

13). On September 21st, 2005, the plaintiff was paroled from Pennsylvania DOC custody into the custody of Delaware DOC custody and transported by vehicle by 3 male employees from the state of Delaware: one, a D.C.C. Lieutenant employed by the DE. DOCS at D.C.C.; the other two: State Detectives from The Department of Justice (DE).

14). Plaintiff immediately alerted the three transport officers that he had had a surgery on August 25th, 2005, that had yet to heal properly (27 days before 9/21/05). In fact, plaintiff was still wearing a Right Hand Brace and Bandage to protect him from further injury. Plaintiff believed then that the carpal tunnel surgery was botched because of the pain that still existed 9/21/05 — he later learned that it may take more time to heal completely. (Plaintiff's Brace was taken by Taylor).

15). Plaintiff claims that the 3 transport officers (primarily Lieutenant Taylor of D.C.C.) ignored his surgery claims and restrained him excessively, refusing to utilize other methods of restraint in light of the fact that they knew of his injury. Plaintiff's Hand/Wrist Brace was confiscated and the handcuffs were locked extremely tight, as well as a black box placed over/around the handcuff chain, which applied an agonizing amount of pressure directly on top of injured area. This restraint took place in the receiving room of SCI — Camp Hill Prison — Pa. DOCS. The restraints also came with a tight chain, a lock, and plaintiff was forced to wear a 50,000 volt stunbelt also. Plaintiff protested incessantly about his pain and agony but he was met with cruel indifference by Lt. Taylor. This constitutes excessive and misuse of physical force/restraint.

16). From the earlier 1980's to date plaintiff asserts that he has never even attempted an escape nor has he ever had any form of misconduct or subordination while being escorted by any legal authority or transport officers. (Plaintiff's first time being imprisoned was in February of 1985).

17). The ride from Camp Hill, Pa., to Delaware Correctional Center took well over 3 hours that day (9/21/05) and plaintiff complained of pain and numbness spreading in both hands — particularly in his right) injured hand. He was told that he had to endure it until his arrival in Delaware Correctional Center, therefore he was being treated with cold indifference and cruel and unusual punishment under the U.S.C. 8th Amendment.

18). Transport officers were met by the Camp Hill Prison Medical Department Nurse and given the then current doctor-prescribed medication that the plaintiff apparently needed for pain management (before departure to Delaware).

19). Plaintiff complained to all three transport officers. None of them intervened or tried to halt the excessive and torturous force being used on his injuries. This constitutes Inaction where cruel and unusual punishment was being used in the presence of the two State Detectives from the Delaware State Department of Justice. Neither of the 2 State Detectives made any move to protect plaintiff from excessive pain use of force from C.C. Lieutenant Taylor nor did Lt. Taylor make any effort to protect plaintiff during this event from the State Detectives.

20). Plaintiff showed no form whatsoever of misconduct, resistance, disorderliness, back-talking, disrespect, nor did he threaten the three transporting officers in any fashion nor did he break any rules of DE - DOCS.

21). Plaintiff suffered severely during his transfer and he was later (latter December 2005) given a EMG (Electro-myogram) which determined <u>permanent</u> damage to his right hand.

22). To plaintiff's knowledge (he is <u>not</u> a doctor or an expert) there was no such indication of permanent damage detected from his initial EMG exam which was performed while he was in A Pa. Prison (SCI - <u>Huntingdon</u>). He had been taken to <u>Altoona Hospital</u> for that exam yet the surgery was done at <u>The Holy spirit Hospital</u> by <u>Doctor Yucha</u> (a leading specialist/surgeon in the Harrisburg/Central Pennsylvania area).

★ <u>DENIAL OF MEDICAL CARE AT D.C.C.</u> ★

23). Upon his entry into <u>Delaware Correctional Center</u> (D.C.C.) the plaintiff was finally uncuffed/unrestrained and he was miserable and weary from pain and numbness in <u>both</u> of his hands. The right one in particular; there was swelling and throbbing. He was seen some time later by <u>Nurse Carol</u> (last name presently unknown). Plaintiff reported to her all he had been put through and the pain and suffering he was currently in. Nurse Carol was indifferent to plaintiff's injuries and she refused to treat him . . . This was 9/21/05 . . .

★ 24). <u>Plaintiff establishes the following claims [and violations] for which he seeks Relief</u> :

a). Breach of Contract.

b). Deliberate Indifference To Serious Medical Needs.

c). Gross Medical Negligence.

d). Delayed Medical Treatment.

E). Inaction By D.C.C. Authorities And Warden Tom Carroll.

F). Failure To Insure Sound Health/Safety of Plaintiff.

G). Violation of Plaintiff's 8th Amendment Rights To The United States Constitution.

→ 25). Plaintiff claims CMS (Correctional Medical Services) did intentionally, willingly, knowingly, with wanton and gross negligence, and deliberate indifference, entered into and breached a legally binding contract that obligated CMS to provide adequate and prompt medical care to prisoners in serious need at DCC during the period Plaintiff has been a prisoner there from September 21st, 2005 to the present.

26). Plaintiff claims CMS did intentionally, willingly, knowingly, with wanton and gross negligence, and deliberate indifference, Fail to provide Plaintiff with prompt medical care beginning 9/21/05 thru to the present (Doctor Yucha and other medical staff at SCI-Camp Hill had told Plaintiff that he had need for a physical therapy regimen—due to his surgery—"so he could heal properly" but, once he was admitted into D.C.C. care, this therapy was abandoned even with Plaintiff's incessant pleas for medical attention due to pain/discomfort. As a result of no therapy Plaintiff has yet to regain normal use of his hand. He also kept asking for some kind of therapy in hopes that it would alleviate pain and gain normal

activity back into his hand).

27). Then, plaintiff claims Nurse Carol and Nurse Kera was and is (to the best of his knowledge) still employed by CMS, at D.C.C., and they did intentionally, knowingly, and willingly, with wanton and gross negligence, and deliberate indifference, did blatantly refuse plaintiff medical treatment, and left him in pain while he was locked down in the "SHU" (or Secured Housing Unit—"Flowdown") during the months of September 21st, 2005, and October 6th (acts which were too brutally and apparently executed to conceal the damage done by excessive use of force used by transporting officers during the 3+ hour ride from Camp Hill Prison 9/21/05). This therefore breached said contract and supports claims of deliberate indifference and negligence.

28). Plaintiff claims CMS did knowingly, willingly, and intentionally, with wanton and gross negligence, breach the contract by failing and refusing to take reasonably prompt steps to prepare plaintiff for a corrective surgery to relieve his pains; no immediate EMG done until late December 2005, and CMS—D.C.C. left him to suffer substantially with no proper medical attention or exam from a CMS care provider from September 21st, 2005, thru October 6th, 2005, when he was finally seen by Ms./Doctor S. Ott.

29). Plaintiff claims CMS did knowingly, willingly, and intentionally, with wanton and gross negligence, breach the contract by violating plaintiff's 8th Amendment Rights by CMS failing and refusing to provide prompt medical care and effective

pain management to a prisoner in and under CMS and D.C.C. care. Thus, there is a pattern of deliberate indifference that had been, and is being, practiced by some medical staff here at D.C.C. which is currently under Federal investigation (Note: although First Correctional Medical has been ousted and CMS has taken over, many of the same medical personnel have remained here so the "cancer" is still very much existent — little has changed).

30). Plaintiff claims Nurses Carol and Kera were binded by the CMS/DOC of Delaware medical contract to provide adequate and prompt medical care to Plaintiff but they kept refusing him, causing him to suffer unnecessarily in physical pain and thus causing him mental anguish and emotional injury, thereby further breaching the medical contract.

31). Plaintiff claims Nurse Carol knew upon her initial contact with him that he was in severe pain but she showed deliberate indifference to a person with serious needs (which is in itself Inaction, Negligence, and even a showing of contempt); a reckless disregard to a suffering prisoner who needed immediate medical intervention; and Nurse Carol (on 9/21/05) refused to administer doctor-prescribed medication which were sent with plaintiff from transferring facility, thereby breaching medical contract and neglecting plaintiff, placing him at further risks which compounded and/or added to the damage of his injured hand/wrist (which was later diagnosed with neuropathy — permanent damage).

32). Plaintiff claims CMS employed and entrusted Nurse Carol and Nurse Kera to care for him. Both Nurses neglected that trust and duty and therefore were deliberately indifferent to his serious need for medical assistance. The three (CMS, and both Nurses) are being sued in their individual and official capacity.

2). **DELAYED MEDICAL TREATMENT**

a). Plaintiff was not seen by qualified medical service provider until (15) fifteen days after his arrival at D.C.C., on September 21st, 2005. He immediately complained of pain from post-operation at SCI-Camp Hill/Holy Spirit Hospital while in Pennsylvania custody, and injuries suffered at the hands of Lieutenant C.O. Taylor (DCC/DOC) and 2 unknown State Detectives.

   Nurse Carol refused to admit plaintiff to DCC infirmary to see doctor (to conceal plaintiff's injuries and swollen hand).

b). Plaintiff was not seen by doctor OTT until 10/6/05 who (only then) prescribed narcotic pain meds and was unable to witness gross swelling caused by officers (15) fifteen days before because Nurse Carol, then Nurse Kera, delayed plaintiff seeing her (Dr. Ott) because Plaintiff was in Bldg #21 (SHU.).

34). **DENIED URGENT MEDICAL TREATMENT**

a). Plaintiff was denied doctor-prescribed pain medication by Nurse Carol upon entrance into DCC, (Pa./DOC doctors prescribed meds that was sent with Lt. C.O. Taylor for Plaintiff and turned over to Nurse Carol who saw plaintiff in extreme duress and refused to give him his medication as well as deny him medical treatment).

b). Plaintiff was <u>not</u> even examined to assess the extent of his damages (injuries) and Nurse Carol knew he was only a few weeks out of surgery. Plaintiff clearly told her of what had happened during his transfer but she ignored him, would not treat him, nor allow him to be seen by doctor.

35). ★ <u>Violation of 8th Amendment Rights (U.S.C.)</u> ★

a). Plaintiff claims CMS Nurses Carol and Kera did knowingly, willingly, intentionally, with wanton and gross negligence, violate plaintiff's 8th Amendment Rights and committed acts of cruel and unusual punishment by failing to administer doctor-prescribed medications and leaving him in extreme pain.

b). Plaintiff claims CMS Nurses Carol and Kera violated his 8th Amendment Rights by refusing him prompt medical treatment from September 21st, 2005, thru October 6th, 2005 (when it was he who luckily was able to "flag" Dr. Ott down to beg to see her for relief), and both nurses Carol and Kera knew he was suffering badly.

c). Plaintiff claims that CMS and Nurses Kera, Carol and other medical staff are a part of an organization that has a <u>gross pattern of deliberate indifference</u>, inaction, and neglect, which violates plaintiff's 8th Amendment Rights by placing him in imminent danger, <u>daily</u>.

d). Plaintiff claims that he was finally taken to outside <u>doctor Islam</u> for an EMG which assessed permanent damage to his hand, wrists, and fingers, and he was told that there was nothing they could

do to reverse this damage. Plaintiff's 8th Amendment Rights were violated by CMS/Medical Staff for making him suffer from September 21st all the way to December of 2005 when ∴ prompt medical intervention would have a chance to likely prevail if he was granted such. But by that time it was too late. Note: While in Pennsylvania DOC custody a pre-surgery EMG was done that did not reflect permanent damage. Only after plaintiff got to Delaware Correctional Center, complained of what amounts to excessive force/restraint by Lt. C.O. Taylor, and the December of 2005 EMG being done — now plaintiff's hand, wrist, fingers and nerves within are damaged for the rest of his life.

★ Further Relief Claims ★

36). The actions of defendants Correction Lieutenant Taylor, (unknown) John Doe Department of Justice (DE) State Detective #1, and State Detective #2 in using an excessive amount of physical restraint amounted to serious-permanent injury and therefore amounts to abuse and was not necessary due to 50,000 volt belt, velcro handcuffs, leg chains (which were bolted beneath car seat), and 3 armed officers (guns) and a button which would trigger 50,000 volts through thoroughly-searched unarmed/defenseless prisoner who was tightly strapped into his seat with a safe-belt. Plaintiff contends that the "squeezing tight" of steel handcuffs/black box/with additional waist chain/ and deadbolt lock was done maliciously and sadistically and constituted cruel

and unusual punishment in violation of the 8th Amendment of the United States Constitution.

37). The actions of defendants Taylor, State Detective #1 and State Detective #2 did cause Plaintiff physical injury and permanent damage to his person, without need or provocation, therefore constituting the tort of assault and battery under the State law of Delaware as well as the Commonwealth of Pennsylvania.

38). Plaintiff filed a timely Grievance (#19394) on 9/27/05 before 7 day expiration period for filing but it was dismissed because it was "Filed past 7 day period" which was wrong because the date filed (9/27/05) and the "time of incident date (9/21/05) was written clearly on the form #584.

39). An appeal was sent to Mr. Paul Howard/ Bureau Chief of DOCS in Dover, DE but he ignored Plaintiff as well (11/1/05). A Form #585 Medical Grievance was sent to Warden Tom Carroll (10/11/05) yet that also went ignored.

40). Thus the failure for Warden Tom Carroll to take action, compelling CMS, and its Nurses and Medical Staff to give immediate medical help to Plaintiff constituted deliberate indifference and contributed to and proximately caused the above described violation of 8th Amendment Rights and the assault and battery which ultimately injured Plaintiff for the rest of his life.

41). The failure of defendants Nurse Kera, Nurse Carol, CMS, Medical Administrator Chris Malaney to provide for the plaintiff (9/21/05) who had serious medical needs, (and now has permanent pain, numbness, and chronic stiffening, and painful cramping each day and night —); no physical therapy after surgery, and ignoring his repeated pleas for help after his injuries, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the 8th Amendment to the United States Constitution.

42) The actions of defendant Betty Burris, Lieutenant Profaci and Major Holman, despite their knowledge of the above described injuries and 8th Amendment violations, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the 8th Amendment to the United States Constitution.

42). The failure of defendants Burris and Medical Administrator Chris Malaney to provide immediate examination (instead of late December 2005 when injury occured to him 9/21/05) and treatment of plaintiff's incessantly reported injury risked the ultimately final outcome by Dr. Islam after she performed the 12/05 EMG which diagnosed plaintiff with permanent nerve damage (related/associated with carpal tunnel syndrome), plus the failure by the above defendants to provide physical therapy and immediate follow-up from being "Post Operation", and the failures of Nurse Carol and Nurse Kera to provide plaintiff with

emergency medical care constitutes the tort of negligence under state law (DE).

★ <u>Relief Requested</u> ★

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1). The excessive/misuse of physical force amounts to abuse, assault and battery by [sadistic] restraint and that abuse violated the plaintiff's rights under the 8th Amendment to the United States Constitution, and Taylor and the state Detectives be held accountable.

2). Defendants Carroll, Burris, Profaci, and Holman's, failure to take action to curb this kind of prisoner abuse violated the plaintiff's rights under the 8th Amendment to the United States Constitution and it constitutes assault and battery under state law.

3). Defendant CMS, Medical Administrator <u>Chris Malaney</u>, Nurse Kera and Nurse Carol's actions in failing to provide adequate medical care for plaintiff violated the plaintiff's rights under the 8th Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Warden Tom Carroll, Betty Burris or their designees to:

1). Immediately arrange for the plaintiff's ailing (R) hand/wrist to be re-examined by a qualified specialist to establish a second opinion and, if practical, order corrective [surgery] action;

2). Immediately arrange for the plaintiff's need for therapy and any possible follow-up medical treatment, available to anybody, to be evaluated by a medical practitioner with expertise in the treatment and/or restoration of the function of carpal tunnel, nerves, nerve damage from injury and the like;

3). Carry out with no delay at all the treatment directed by such medical expert.

C. Issue an injunction ordering defendant Carroll and Burris, Holman and Profaci to:

1). Put into effect specific demand from this Honorable Court to cease turning a blind eye to prisoners who bring forward complaints of misuse of force and abuse and create a mandatory policy which forces CMS to examine any prisoner with a sickness or injury to be seen by the following A.M. after

17 of 20

he/she submits a sick call request;
This way his/her injuries will be recorded
immediately instead of being concealed
conspiratorily.

* Note: "Emergency Sick-call" is only if anyone
is bleeding, having a heart attack, or
cannot breathe. Those are not the
only "serious needs of prisoner's
medical care" which fit into the
8th Amendment Definition (if ignored)
of Deliberate Indifference and/or
cruel and unusual punishment. Thereby,
the current Emergency Sick Call Policy
being practiced at D.C.C. is cruel
and unusual punishment to the
injured and the sick which is
placing plaintiff and many others
in danger of becoming violently
ill. The medical practices within
D.C.C. (as well as the entire DOC
of Delaware) have had many deadly
effects over the past several years
as this Court may be aware. This
plaintiff is respectfully asking this
Court to intervene and change
things before he is the next one
to die from disease, abuse, etc.

D. Award compensatory damages in the
following amounts:

18 of 20

1). $100,000 jointly and severally against defendants Taylor, State Detective # 1, and State Detective #2 for the permanent physical injuries sustained as a result of the plaintiff's being abused.

2) $100,000 jointly and severally against defendants CMS, Nurse Carol, Nurse Kera, and Medical Administrator of CMS - D.C.C. Chris Malaney for the physical and emotional injury resulting from their failure to provide prompt medical care to plaintiff.

3). $10,000 jointly and severally against defendants Carroll, Burris, Profaci, and Holman, for the physical and emotial injuries sustained as a result of their Inaction and Failure to intervene and have medical care provided promptly to the plaintiff.

E. Award punitive damages in the following amounts:

   1). $20,000 each against defendants Taylor, State Detective #1 and State Detective # 2;

   2). $20,000 each against defendants CMS, Nurse Carol, Nurse Kera and Medical Administrator of CMS - D.C.C. Chris Malaney.

19 of 20

3). $15,000 each against defendants Carroll, Burris, Profaci and Holman.

F. Grant such other relief as it may appear that Plaintiff is entitled.

April 7th, 2006

Respectfully Submitted

Lou G. Price, Sr. #454309
Delaware Corr. Center
1181 Paddock Road
Smyrna, Delaware
                19977

Lou G. Price, Sr. 454709
D C C
1181 Paddock Road
Smyrna, DE 19977

U.S.M.S
X-RAY

U.S. District Court
Hon. Sue L. Robinson
Lockbox 18, 844 N. King St.
Wilmington, DE.
19801

1:05 CV871
SLR