IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-871-SLR |
| | ) |
| C/O LIEUTENANT TAYLOR, NURSE CAROL, NURSE KERA, WARDEN TOM CARROLL, CORRECTIONAL MEDICAL SERVICES, UNKNOWN DEPARTMENT OF JUSTICE (DE) STATE DETECTIVE 1, UNKNOWN DEPARTMENT OF JUSTICE (DE) STATE DETECTIVE 2, BETTY BURRIS, MAJOR HOLMAN, CHRIS MALANEY, and PROFACI, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Lou Garden Price, Sr., an inmate at Delaware Correctional Center ("DCC"), Smyrna, Delaware, brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on January 4, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6) Following screening of the complaint and amended complaint, the court recognized cognizable claims, but also gave plaintiff leave to amend the complaint. (D.I. 12) Plaintiff timely filed a second amended complaint on April 12, 2006. (D.I. 13) The court now proceeds to review and screen the second amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against defendants Major Holman and Profaci are dismissed for failure to

state a claim pursuant to 28 U.S.C. § 1915 and § 1915A.

I.  **THE SECOND AMENDED COMPLAINT**

The court's memorandum order entered on March 2, 2006, thoroughly describes the main allegations by plaintiff. (D.I. 12) The second amended complaint contains many of the same allegations, adds new defendants and additional allegations. The newly added defendants are Betty Burris ("Burris"), Major Holman ("Holman"), Chris Malaney ("Malaney"), and Profaci. (D.I. 13) Rather than repeat the allegations contained in plaintiff's complaint and amended complaint, the court will focus upon the newly added allegations in the second amended complaint. (D.I. 13)

Plaintiff alleges that, subsequent to his transfer to the DCC on September 21, 2005, defendant Correctional Medical Services ("CMS") failed to provide him with prompt medical care, that it abandoned prescribed therapy, and failed to respond to plaintiff's pleas for medical care due to pain and discomfort. He further alleges that CMS refused to provide him treatment from September 21, 2005 through October 6, 2005, and it was not until he was able to "flag down" a doctor that he was able to obtain some relief.

Plaintiff also alleges that Malaney, the medical administrator, failed to provide for the plaintiff. (D.I. 13, ¶ 41) More particularly, plaintiff alleges that Malaney, as well

2

as Burris, the operations manager at DCC, failed to provide him with an immediate examination on September 21, 2005, the date he allegedly was injured, failed to provide physical therapy, and failed to provide post-operative follow-up. (Id. at ¶ 41) Finally, plaintiff alleges that the actions of Profaci and Holman constitute deliberate indifference to his serious medical needs. (Id. at ¶ 42)

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in

fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Plaintiff alleges that Holman and Profaci's "actions" constitute deliberate indifference to a serious medical need. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)).

Plaintiff provides no details regarding the alleged acts or omissions of defendants Holman and Profaci. Rather, he makes the conclusory allegation that their "actions" constitute a violation of the Eighth Amendment. Indeed, plaintiff does not indicate when or where the alleged actions of Holman and Profaci occurred. Nor does the complaint provide a description of the "actions"

4

referred to by plaintiff. The allegations against Holman and Profaci lack sufficient detail to apprise the defendants of the claims plaintiff attempts to bring.

Based upon the foregoing analysis, it is clear that the claims against Holman and Profaci as presented have no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. They are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV.  CONCLUSION

NOW THEREFORE, at Wilmington this 6th day of June, 2006, IT IS HEREBY ORDERED as follows:

1. The clerk of the court shall forward a copy of this order to plaintiff.

2. Plaintiff's claims against Major Holman and Profaci are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

3. The court has identified cognizable Eighth Amendment claims against defendants C/O Lieutenant Taylor, Nurse Carole, Nurse Kera, Warden Tom Carroll, Correctional Medical Services, Unknown Delaware Department of Justice State Detective 1, Unknown Delaware Department of Justice State Detective 2, Betty Burris, Chris Malaney. Plaintiff is allowed to PROCEED with these claims.

4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),

plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendants, (i.e., C/O Lieutenant Taylor, Nurse Carole, Nurse Kera, Warden Tom Carroll, Correctional Medical Services, Unknown Delaware Department of Justice State Detective 1, Unknown Delaware Department of Justice State Detective 2, Betty Burris, Chris Malaney)** as well as for the **Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the court with one copy of the complaint (D.I. 2) and the amended complaint (D.I. 11) for service upon the remaining defendants. Plaintiff has provided the court with copies of the second amended complaint (D.I. 13) for service upon the defendants. Plaintiff is notified that the United States Marshal will not serve the complaint, the amended complaint, and the second amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

5. Upon receipt of the form(s) required by paragraph 4 above, the United States Marshal shall forthwith serve a copy of

the complaint (D.I. 2), the amended complaint (D.I. 11), the second amended complaint (D.I. 13), the court's order of March 2, 2006 (D.I. 12), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the remaining defendants identified in the 285 forms.

6. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil

7

action unless the documents reflect proof of service upon the parties or their counsel.

9.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place.** An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

10. **Note: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

_/s/_____<br>
UNITED STATES DISTRICT JUDGE