## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR.,                        ) | |
|                                                             ) | |
| Plaintiff,                       ) | |
|                                                             ) | C.A. No. 05-871-SLR |
| v.                                                        ) | |
|                                                             ) | |
| C/O LIEUTENANT TAYLOR,               ) | |
| NURSE CAROLE, NURSE KERA,      ) | Jury Trial Requested |
| WARDEN TOM CARROLL,                  ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| UNKNOWN DEPARTMENT OF          ) | |
| JUSTICE STATE DETECTIVES,          ) | |
| BETTY BURRIS, and CHRIS MALANEY, ) | |
|                                                             ) | |
| Defendants.                   ) | |

### STATE DEFENDANTS LIEUTENANT TAYLOR, WARDEN TOM CARROLL AND BETTY BURRIS'S ANSWER TO THE SECOND AMENDED COMPLAINT [RE: D.I. 13]

COMES NOW, the State Defendants Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris (the "State Defendants"), by and through their undersigned counsel, and hereby respond to the Second Amended Complaint of Plaintiff Lou Garden Price, Sr. ("Price" or "Plaintiff") dated April 7, 2006 and filed April 12, 2006 (D.I. 13) (the "Second Amended Complaint")[1] as follows:

---

[1] Plaintiff filed an Initial Complaint on December 15, 2005, a First Amended Complaint on February 6, 2006 and a Second Amended Complaint on April 12, 2006. As the Court noted in its Memorandum Order dated June 6, 2006, the Second Amended Complaint contains many of the same allegations as the Initial and First Amended Complaints but adds new defendants and additional allegations. (D.I. 15 at 2). Therefore State Defendants' Answer is to the Second Amended Complaint. To the extent an answer is required as to the Initial Complaint and First Amended Complaint the State Defendants deny the allegations of Plaintiff's Initial and First Amended Complaint. By way of further response the State Defendants deny that they violated the Plaintiff's constitutional rights. State Defendants also deny that Plaintiff is entitled to any relief.

### Jurisdiction

1. The allegations of paragraph 1 of the Second Amended Complaint state legal conclusions to which no response is required.

2. The allegations of paragraph 2 of the Second Amended Complaint state legal conclusions to which no response is required.

### Parties

3. State Defendants admit that Plaintiff entered the Delaware Correctional Center on September 21, 2005 to serve a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. State Defendants deny each and every allegation of paragraph 3 of the Second Amended Complaint not specifically admitted herein.

4. State Defendants admit that Lieutenant Ramon Taylor is a Staff Lieutenant employed at the Delaware Correctional Center ("DCC"). State Defendants also admit that Lieutenant Taylor was employed at DCC on September 21, 2005 and was a member of the CERT team on that date. State Defendants specifically deny that Lieutenant Taylor transported the Plaintiff from Pennsylvania to Delaware. State Defendants deny each and every allegation of paragraph 4 of the Second Amended Complaint not specifically admitted herein.

5. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 of the Second Amended Complaint and, therefore, deny same.

6. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of the Second

Amended Complaint and, therefore, deny same.

7. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of the Second Amended Complaint and, therefore, deny same.

8. State Defendants admit that Tom Carroll is the Warden of DCC. State Defendants deny each and every allegation of paragraph 8 of the Second Amended Complaint not specifically admitted herein.

9. State Defendants admit that Betty Burris is the Deputy Warden of DCC. State Defendants deny each and every allegation of paragraph 9 of the Second Amended Complaint not specifically admitted herein.

10. State Defendants admit that Staff Lieutenant Profaci is an employee at DCC. State Defendants deny each and every allegation of paragraph 10 of the Second Amended Complaint not specifically admitted herein. By way of further response State Defendants state that Staff Lieutenant Profaci has been dismissed from this action.

11. State Defendants admit that Major Holman is an employee at DCC. State Defendants deny each and every allegation of paragraph 11 of the Second Amended Complaint not specifically admitted herein. By way of further response State Defendants state that Major Holman has been dismissed from this action.

12. The allegations of paragraph 12 of the Second Amended Complaint state legal conclusions to which no response is required.

**Facts**
**(and Amendment of December 3, 2005 Complaint)**

13. State Defendants admit that Plaintiff was transferred from the custody of a Pennsylvania prison to the custody of the Delaware Department of Corrections to serve a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. State Defendants deny each and every allegation of paragraph 13 of the Second Amended Complaint not specifically admitted herein.

14. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

15. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 15 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

16. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants state that Plaintiff is a violent offender serving a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. State Defendants specifically deny any wrongdoing.

17. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 17 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

18. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

19. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 19 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

20. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants state that Plaintiff is a violent offender serving a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. State Defendants specifically deny any wrongdoing.

21. State Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations asserted in paragraph 21 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

22. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

## Count I
### (Denial of Medical Care at DCC)

23. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

24. The allegations of paragraph 24, including subparts (a) through (g), of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

25. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

26. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations asserted in paragraph 26 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

27. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 27 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

28. State Defendants deny that they left Plaintiff to suffer substantially with no proper medical attention or exam. State Defendants assert that the remainder of paragraph 28 is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

29. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 of the Second Amended Complaint and, therefore, deny same. State Defendants specifically deny that they violated Plaintiff's Eighth Amendment rights. State Defendants also deny any wrongdoing.

30. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30 of the Second Amended Complaint and,

therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

31. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

32. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

### Count II
### (Delayed Medical Treatment)

33. (a) State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33(a) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

(b) State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33(b) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

## Count III
### (Denied Urgent Medical Treatment)

34. (a) State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34(a) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

(b) State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34(b) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

## Count IV
### (Violation of Eighth Amendment Rights)

35. (a) This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(a) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

(b) This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(b) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

(c) This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations asserted in paragraph 35(c) of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

(d) State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(d) of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 35(d) of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

## Count V
### (Further Relief Claims)

36. The allegations of paragraph 36 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

37. The allegations of paragraph 37 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

38. State Defendants deny the allegations of paragraph 38 of the Second Amended Complaint.

39. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first sentence of paragraph 39 of the Second Amended Complaint and, therefore, deny same. State Defendants deny the allegations asserted in the second sentence of paragraph 39. By way of further response State Defendants specifically deny any wrongdoing.

40. State Defendants deny that CMS and its medical staff are employees of DCC. By way of further response State Defendants state that the allegations of paragraph 40 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

41. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 41 of the Second Amended Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

42. The allegations of paragraph 42 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

43. The allegations of paragraph 43 of the Second Amended Complaint state legal conclusions to which no response is required (this Paragraph is incorrectly numbered by Plaintiff as paragraph 42). To the extent a response is required State Defendants specifically deny any wrongdoing.

**Relief Requested**

44. (a)(1) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(a)(1) of the Second Amended Complaint.

(a)(2) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(a)(2) of the Second Amended Complaint.

(a)(3) State Defendants deny that Plaintiff is entitled to the relief

requested in paragraph 44(a)(3) of the Second Amended Complaint.

(b)(1) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(b)(1) of the Second Amended Complaint.

(b)(2) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(b)(2) of the Second Amended Complaint.

(b)(3) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(b)(3) of the Second Amended Complaint.

(c) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(c) of the Second Amended Complaint.  By way of further response State Defendants deny the allegations in the "Note" in paragraph 44(c) of the Second Amended Complaint and specifically deny any wrongdoing.

(d)(1) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(d)(1) of the Second Amended Complaint.

(d)(2) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(d)(2) of the Second Amended Complaint.

(d)(3) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(d)(3) of the Second Amended Complaint.

(e)(1) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(e)(1) of the Second Amended Complaint.

(e)(2) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(e)(2) of the Second Amended Complaint.

(e)(3) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(e)(3) of the Second Amended Complaint.

(f) State Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44(f) of the Second Amended Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Second Amended Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4. The State Defendants are entitled to qualified immunity.

5. As to any claims under state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

6. To the extent the Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

7. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

8. This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily required administrative time requirement.

9. Plaintiff has failed to exhaust his administrative remedies,

including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. The Plaintiff's claims are barred by his contributory negligence.

12. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13. Plaintiff fails to state a claim against State defendants for failure to train and maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment.

15. Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the State Defendants.

16. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

17. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

18. Insufficiency of service of process.

19. Insufficiency of process.

20. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Second Amended Complaint in its entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
   Attorney for the State Defendants

Dated: September 21, 2006

## **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on September 21, 2006, I caused a true and correct copy of the attached *State Defendants Lieutenant Taylor, Warden Tom Carroll, And Betty Burris's Answer To The Second Amended Complaint [Re: D.I. 13]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400