## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-871-SLR |
| v. ) | |
| ) | |
| C/O LIEUTENANT TAYLOR, ) | |
| NURSE CAROLE, NURSE KERA, ) | Jury Trial Requested |
| WARDEN TOM CARROLL, ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| UNKNOWN DEPARTMENT OF ) | |
| JUSTICE STATE DETECTIVES, ) | |
| BETTY BURRIS, and CHRIS MALANEY, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS LIEUTENANT TAYLOR, WARDEN TOM CARROLL AND BETTY BURRIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 37]**

COMES NOW, the State Defendants Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion For Appointment Of Counsel (the "Motion to Appoint") (D.I. 37). In support of the Response, the State Defendants state as follows:

1.   Plaintiff Lou G. Price, Sr. ("Price" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC").  Price is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.   On December 15, 2005, Price filed a Complaint pursuant to 42 U.S.C. § 1983 against the State Defendants, as well as various medical defendants,

alleging, *inter alia*, that the defendants violated his constitutional rights by being deliberately indifferent to his medical needs. (D.I. 2).

3.  Less than two months after he filed his Complaint, Price filed his first Motion to Appoint Counsel (D.I. 9) and an Amended Complaint adding further allegations against the defendants (D.I. 11). On March 2, 2006, the Court, in a Memorandum Order, dismissed Plaintiff's claims against CMS with leave to file a second amended complaint. (D.I. 12). The Court also denied Plaintiff's Motion to Appoint Counsel holding that Price's "allegations are not of such a complex nature that representation by counsel is warranted at this time." Memorandum Order at 6. The Court further found that, "The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments." *Id.*

4.  On April 12, 2006, Price filed a twenty (20) page Second Amended Complaint detailing his allegations against the defendants, his alleged constitutional bases for recovery and the relief he is requesting. (D.I. 13). The State Defendants filed an Answer in response to Plaintiff's Second Amended Complaint on September 21, 2006. (D.I. 29).

5.  On October 10, 2006, Price filed his second Motion to Appoint. In his Motion to Appoint, Price contends that he should receive counsel because he is incarcerated, unskilled in the law and because the administration at DCC "limits the days and times that appellant is allowed access to the law library." Motion to Appoint at ¶¶ 1-3. The Motion to Appoint, which is very similar to Price's first request for counsel, appears to be a form document in which Plaintiff simply filled in his name and signature. Plaintiff offers no specific reasons why appointment of counsel is necessary in his case.

Given that Price cannot justify why the appointment of counsel is required in his case, the Motion to Appoint should be denied.

6. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

7. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id*.

8. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious

commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Considering all of the *Tabron* factors, Price does not require appointed counsel at this time.

9. Assuming, for purposes of this Response, that Plaintiff's claims have some merit, the additional *Tabron* factors weigh against the appointment of counsel. First, Price has demonstrated an ability to present his own case. He has filed a Complaint and two Amended Complaints. In fact, the Second Amended Complaint was a twenty (20) page document which set forth the facts of the case and detailed Plaintiff's allegations against the defendants. Second, as the court found in its decision on the first motion to appoint counsel, the "allegations are not of such a complex nature that representation by counsel is warranted at this time." *See* Memorandum Order at 6. Third, although some factual investigation is required, most of the facts are within the Plaintiff's knowledge. Further, to the extent Plaintiff needs to conduct any factual investigation, the Plaintiff may utilize the tools of discovery. Thus Price will have ample opportunity to fully investigate any factual issues. Finally, expert testimony does not appear necessary at this time.

10. Price's Motion to Appoint fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Price does not need or require the appointment of legal counsel at this time and the Motion to Appoint should be denied.

- 5 -

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

                          **DEPARTMENT OF JUSTICE**
                          **STATE OF DELAWARE**

                          */s/ Erika Y. Tross*
                          Erika Y. Tross (#4506)
                          Deputy Attorney General
                          820 N. French Street, 6th Floor
                          Wilmington, DE  19801
                          (302) 577-8400
                                  Attorney for the State Defendants

Dated: October 19, 2006

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-871-SLR |
| v. | ) |
| | ) |
| C/O LIEUTENANT TAYLOR, | ) |
| NURSE CAROLE, NURSE KERA, | ) Jury Trial Requested |
| WARDEN TOM CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| UNKNOWN DEPARTMENT OF | ) |
| JUSTICE STATE DETECTIVES, | ) |
| BETTY BURRIS, and CHRIS MALANEY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff's Motion For Appointment Of Counsel (D.I. 37) and State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Motion For Appointment Of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Appointment Of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Sue L. Robinson
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 19, 2006, I caused a true and correct copy of the attached *State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Motion For Appointment Of Counsel [Re: D.I. 37]* to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
Lorenza A. Wolhar, Esq.
Marshall, Dennehey, Warner,
 Coleman & Goggin
1220 N. Market St.
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
lawolhar@mdwcg.com

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400