# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-871-SLR |
| v. | ) | |
| | ) | |
| C/O LIEUTENANT TAYLOR, | ) | |
| NURSE CAROLE, NURSE KERA, | ) | Jury Trial Requested |
| WARDEN TOM CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| UNKNOWN DEPARTMENT OF | ) | |
| JUSTICE STATE DETECTIVES, | ) | |
| BETTY BURRIS, and CHRIS MALANEY, | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' COMBINED FIRST SET
## OF INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Civil Rules"), State Defendants Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris (the "State Defendants") hereby propound to Plaintiff Lou Garden Price, Sr. ("Price" or "Plaintiff"), the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests" and, together with the Interrogatories, the "Discovery Requests"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

## DEFINITIONS

1. "Defendants," shall mean State Defendants Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris.

2.      "Plaintiff," "you," or "your" shall mean plaintiff Lou Garden Price.

3.      "Complaint" shall mean the complaint filed in the above-captioned action as subsequently supplemented or amended.

4.      "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

5.      "DOC" shall mean the Delaware Department of Correction and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DOC.

6.      "DCC" shall mean the Delaware Correctional Center and any of its affiliates, subsidiaries, employees, independent contractors, and any other person or entity under the control of DCC.

7.      "Person" refers to any individual, corporation, partnership, association or other entity.

8.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

9.      "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.     The phrases "refer," "relate to," "referring to" or "relating to" shall mean directly or indirectly reflecting, referring, relating, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

12.     "Identify" when used with respect to a person means to provide the following information:

(a)          the name, telephone number, and residential address of the person; and

(b)          the name of the present employer, place of employment, business and job title of the person.

13.     "Identify" when used with respect to an entity means to provide the following information:

(a)          the name, telephone number and address of the entity; and

(b)          the name of the entity's owners, principals, officers, and/or partners.

14.     "Identify" when used with respect to a document means to provide the following information:

(a)          the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)          the date of the document;

(c)        the preparer and/or source of the document and all recipients of the document;

(d)        the substance in detail of the document; and

(e)        each person who now has custody, possession or control of the document.

15.     "Identify" when used with respect to a communication means to provide the following information:

(a)        the date of the communication;

(b)        whether the communication was oral or written;

(c)        any person who sent, received, or had knowledge of the communication;

(d)        the substance in detail of the communication; and

(e)        any document embodying the communication.

## **INSTRUCTIONS**

1.     Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.     If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.     Unless otherwise specified, these Discovery Requests seek information and documents prepared on or after August 25, 2005.

4.     These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  With respect to each of the claims asserted in your Complaint, state the following:

a.      identify all facts that refute, relate to, or support your claims;

b.      identify the specific behavior or conduct that you allege that each Defendant engaged in;

c.      the names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in answer to subparagraph (a) hereof.

d.      identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify (a) every communication you have had with anyone, other than your attorney, concerning the allegations in your Complaint including but not limited to memoranda, journals, diaries, letters, or petitions that you have written; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify (a) every communication you have had with any Defendant concerning the allegations in your Complaint; (b) any person with knowledge of such communication(s); and (c) all documents supporting, evidencing, referring or relating to those communications.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each document in your possession and control that relates to the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 5:** If you allege that you filed an inmate grievance relating to the allegations in your Complaint, what date was said grievance filed on?  If your grievance relating to the allegations in your Complaint was rejected, describe in detail what facts contributed to the rejection.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify any individual you allege witnessed in any manner any aspect of the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 7:** Describe any medical treatment you received as a result of the allegations in the Complaint, specifically addressing:

        a.      whether you requested any medical treatment at DCC which you believe in any way resulted from the allegations in your Complaint; and

        b.      the date and method used for any request listed in subparagraph (a) of this Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 8:** Describe in detail:

        a.       the injuries you claim you received on September 21, 2005;

        b.       the manner in which you obtained the injuries you claim you received on September 21, 2005; and

        c.       the cause of the injuries you received on September 21, 2005.

**RESPONSE:**

**INTERROGATORY NO. 9:** State the following:

        a.       describe in detail any information regarding any injuries, illnesses or diseases you have ever been diagnosed with <u>prior to</u> your incarceration at DCC;

        b.       identify the date on which you became aware of such information;

        c.       identify all persons having knowledge of such information including any treating doctors or specialists; and

        d.       identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 10:** State the following:

        a.      describe in detail any information regarding any injuries, illnesses or diseases you have ever been diagnosed with <u>during</u> your incarceration at DCC;

        b.      identify the date on which you became aware of such information;

        c.      identify all persons having knowledge of such information including any treating doctors or specialists; and

        d.      identify all documents referring or relating to such information.

        **RESPONSE:**

        **INTERROGATORY NO. 11:** Describe in detail the medical treatment you claim you received for carpal tunnel while incarcerated in Pennsylvania.

        **RESPONSE:**

**INTERROGATORY NO. 12:** Explain in detail your statement:

a.    in your Complaint (D.I. 2) at § IV(1) how the carpal tunnel surgery you had "damaged [you] further."

b.    in you Amended Complaint (D.I. 13) at 5, ¶14 that "Plaintiff believed then that the carpal tunnel surgery was botched …."

**RESPONSE:**

**INTERROGATORY NO. 13:** Describe in detail your claim in your Complaint (D.I. 2) at § IV(2) that the "handcuffs had severely injured [your] wound/wrist…."

**RESPONSE:**

**INTERROGATORY NO. 14:** Describe in detail your belief that you have suffered permanent damage to your right hand.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify each document in your possession and control that relates to the injuries you allegedly sustained from the allegations in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 16:** Please describe in detail any information regarding any alleged mental or behavioral problems you have ever been diagnosed with; identify the date on which you became aware of such information; identify all persons having knowledge of such information including any treating doctors, psychologist or psychiatrists; and identify all documents referring or relating to such information.

**RESPONSE:**

**INTERROGATORY NO. 17:** Identify all physicians you have seen or been treated by in the past 10 years, including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:**

**INTERROGATORY NO. 18:** Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:**

**INTERROGATORY NO. 19:** Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:**

**INTERROGATORY NO. 20:** State the total amount of damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:**

**INTERROGATORY NO. 21:** Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**RESPONSE:**

**INTERROGATORY NO. 22:** Identify each person you have retained or specifically employed to provide expert testimony in this action or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

**INTERROGATORY NO. 23:** Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents requested to be identified in the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 2:** All documents reviewed, relied upon or used in responding to the Interrogatories set forth above.

**RESPONSE:**

**REQUEST NO. 3:** Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, whether generated prior to, on or following September 21, 2005, which detail any injury you claim you suffered on September 21, 2005.

**RESPONSE:**

**REQUEST NO. 4:**    All sick call slips you filed referring or relating to the allegations in your Complaint and the injuries you claim you suffered on September 21, 2005.

**RESPONSE:**

**REQUEST NO. 5:**    All grievances you filed referring or relating to the allegations in your Complaint and the injuries you claim you suffered on September 21, 2005.

**RESPONSE:**

**REQUEST NO. 6:**    Any and all documents which comprise any diary, journal, log, or other written account of the injuries you claim you suffered on September 21, 2005 or which describe, detail, or document any other aspect of your life since you have been incarcerated, or which relate to any aspect of your injuries which pre-exist your incarceration.

**RESPONSE:**

**REQUEST NO. 7:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records, which describe in detail your diagnosis of and treatment for carpal tunnel.

**RESPONSE:**

**REQUEST NO. 8:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records which support or refute your claim that the carpal tunnel surgery you had "damaged [you] further."

**RESPONSE:**

**REQUEST NO. 9:**    Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records which support or refute your statement that "Plaintiff believed then that the carpal tunnel surgery was botched."

**RESPONSE:**

**REQUEST NO. 10:** Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, emergency room or ambulance reports, or any other medical records which support or refute your claim that you have suffered permanent damage to your right hand.

**RESPONSE:**

**REQUEST NO. 11:** Any and all "EMGs" you have had whether generated prior to, on or following September 21, 2005.

**RESPONSE:**

**REQUEST NO. 12:** With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

        a.        all documents provided to or reviewed by the expert;

        b.        a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

c.      all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

d.      all documents upon which the expert's findings, conclusions and/or opinions are based; and

e.      all exhibits to be used as a summary of or support for the expert's findings, conclusions and/or opinions.

**RESPONSE:**

**REQUEST NO. 13:** All documents that you intend to introduce into evidence at the trial of this action.

**RESPONSE:**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
     Attorney for the State Defendants

Dated: January 10, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on January 10, 2007, I caused a true and correct copy of the attached ***State Defendants' Combined First Set Of Interrogatories And Requests For Production Of Documents Directed To Plaintiff*** to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
Lorenza A. Wolhar, Esq.
Marshall, Dennehey, Warner,
  Coleman & Goggin
1220 N. Market St.
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
lawolhar@mdwcg.com

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400