In The United States District Court
For The District of Delaware

Lou G. Price, Sr.
   Plaintiff,

v.

C.O. Lt Taylor, Nurse Carol
Nurse Kera, Warden Tom Carroll,
Correctional Medical Services,
Unknown Department of Justice
State detectives #1, and #2,
Betty Burris and Chris Malaney,
   Defendants.

Civ. A.# 05-871-SLR

Jury Trial Requested


FILED
JAN 24 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Plaintiff's Combined Initial Set of Interrogatories And Requests For Production Of Documents Directed To The Defendants

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Plaintiff submits the following interrogatories and requests for production of documents, to be answered or responded to in writing and, where required under applicable rules, under oath, within thirty (30) days of the date of

(1)

service hereof.

<u>Requests For Production of Documents</u>

1). Any and all grievances, complaints (formal or informal to all staff), or other documents received by the defendants or their agents at Delaware Correctional Center concerning misuse/excessive use of force on inmates by defendant CERT Team C.O. Lt. Taylor, and any memoranda, investigative files, or other documents created in response to such documents since January 1st, 1995.

2). Any and all grievances, complaints or other documents received by the defendants or their agents within the Department of Corrections concerning misuse/excessive use of force of prisoners by defendants unknown State Detective #1 and #2 of the Department of Justice of Delaware, and any memoranda, investigative files, or other documents created in response to such documents since January 1st, 1995.

(2)

3). The complete names of Department of Justice State Detective #1 and #2 or the names of the two men (aside from C.O. Lt. Taylor) who conducted the interstate transfer of Lou G. Price, Sr. from SCI-Camp Hill, Pa. to DCC-Smyrna on September 21, 2005.

4). Furnish the full name of the Delaware Department of Corrections employee who Plaintiff Price believes was C.O. Lt. Taylor (Note: Ramon Taylor is a Black male. Price asserted in his original complaint that the CERT Team member who was a part of the transfer on 9/21/05 was no doubt a White male individual).

5). Any and all transfer logs, documents, and orders in regards to prisoner Lou G. Price, Sr. and the names of the Delaware State agents who executed such transfer.

(3)

6). Any and all policies, directives to DOC staff concerning use of handcuffs, leg irons, "stunbelts" and other restraint devices used by DCC/DOC staff, and DE Department of Justice State Detectives.

7). Any and all policies, directives and instructions to DOC/DCC staff concerning the physical restraint of inmates during transfers including policies that regard prisoners who are post-operation, injured, (special conditions, i.e. in labor, etc.). This includes Department of Justice of Delaware State Detectives.

8). Any and all policies, directives, memorandums, customs and instructions to staff governing sick call procedures, both in general population, the S.H.U., the M.H.U. and in segregation, and "solitary confinement" (the "hole").

9). All sick call request sheets from the period September 21, 2005 to the date of your response.

10). Plaintiff Price's complete medical records from September 21, 2005 to the date of

(4)

your response including any and all Pa-DOC medical records if any.

11). Plaintiff's intake records upon his entry and interview by Nurse Carol.

12). The full names of Nurse Carol and Nurse Kera who are believed to be CMS employees from September 21, 2005 to the present.

13). Any logs, lists, or other documentation reflecting grievances filed by DCC prisoners from September 21, 2005 (regarding medical grievances and regular grievances which regard medical issues concerning medical staff).

14). Any and all documents created by any DCC staff member in response to a grievance filed by the plaintiff in September 2005 and October 2005 concerning his medical care.

15). Any and all documents created by any DCC/CMS staff member in response to any/all grievances filed by the plaintiff from September 21, 2005 to the date of your response concerning his medical care.

(5)

16). Any and all documents created by DOC/DCC Administration and Medical staff from September 21, 2005 to date concerning Plaintiff's medical, psychiatric and dental care not included in the above.

Interrogatories And Request For Production of Documents
_____

1). State the duties of defendant Chris Malaney, Medical Administrator at DCC during the time of Plaintiff's alleged incidents. September thru December 2005 and ongoing to the date of your response. If those duties are set forth in any job description or other document, produce the document.

2). State the duties of defendant Elizabeth "Betty" Burris (Deputy Warden), Warden Tom Carroll and Lieutenant Taylor (the White Male DOC gentleman who assisted in Plaintiff's transfer). <u>Not</u> Ramon Taylor. Identify and state the duties of the <u>other</u> Lieutenant Taylor, Betty Burris, and Warden Tom Carroll, insofar as they pertain to providing medical care

(6)

to prisoners or transportation of prisoners to medical appointments or facilities in state or interstate. If those duties are set forth in any job description or other document, produce the document.

3). Produce all of Plaintiff's transfer information from Pa-Doc to DE-Doc on September 21st, 2005 and all logs signed by Department of Justice State Detectives who facilitated the transfer in question along with the full names, ranks, positions, information and instructions given to the State Detectives regarding Plaintiff.

4). State the names, titles, and duties of all staff members at the Department of Justice who have responsibility for conducting interstate transfers from and to Delaware DOC.

5). State the names, titles and duties of all staff members at DCC who have responsibility for scheduling transfers, interstate transfers, medical appointments outside the DCC prison, for arranging transportation to medical

appointments outside the prison, or for evaluation of requests for specialized treatment or evaluation. If any of those duties are set forth in any job description or other document, produce the document.

6). State the names, titles, and duties of all staff members at DCC other than defendants Carroll, Burris and Taylor who have responsibility for ensuring that prisoners' requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the document.

7). State the procedure in effect during September and October of 2005 at DCC for conducting sick call, including the procedure by which prisoners sign up for or request emergency sick call (ie. for pain/injury). If the procedure is different for segregation prisoners than for general population prisoners, state both/all procedures. If those procedures are set forth in any policy, directive or other document produce the document.

8). State the names, titles and duties of all staff members at DCC who have responsibility for responding to, investigating or deciding inmate grievances. Produce all documents.

(8)

9). Produce the names, titles and duties of all medical staff members at DCC from September 21, 2005 to the date of your response.

10). Produce the names, titles and duties of all nurses at DCC from September 21, 2005 to the date of your response.

11). Produce the names (first and last) of CMS Nurses Carol and Kera from September 21, 2005 to the date of your response.

12). State the procedure and policy in effect during September 2005 to the date of your response for responding to, investigating and deciding inmate grievances and medical grievances. Produce the directive, manual and all documents in relation to the above.

13). Produce the contract CMS, Inc. or Correctional Medical Services has with the Delaware Department of Corrections (including DCC).

(9)

14). Produce any and all documents relating to CMS' medical care policies, manuals and directive.

15). Produce any and all records pertaining to CMS' infractions, violations, sanctions or fines imposed against them by the Delaware Department of Corrections, State Court, District Court, Department of Justice or any governing authority in America since January 1st, 2000 in regards to the deliberate indifference of inmates' medical care, including a list or records of any pending lawsuits in the State of Delaware

16). Produce all documents of any and all expert witnesses you plan on using in this case or any evidentiary hearing in relation to this case.

(10)

17). Produce any documents you intend to introduce in this case.

Lou G. Price, Sr.
Pro Se
DCC

Dated January 17, 2007

CC: Erika Tross
Lorenza Wolhar
For Defendants
And District Court/SLR

## Notice of Service

I Lou G. Price, Sr. have delivered by 1st Class USPS copies of Plaintiff's Combined Initial Set of Interrogatories And Requests For Production of Documents Directed To The Defendants.

Via 1st Class Mail:

Lorenza A. Wolhar, Esq.
@ Marshall, Dennehey, Warner,
Coleman & Goggin
1220 N. Market St 5th Fl.
Box 8888  Wilm. De 19899-8888

Via 1st Class Mail

Erika Y. Tross
De Dept. of Justice
820 N. French St 6th Fl.
Wilm. De 19801

District Court of De.
844 N. King St.
Lockbox 18
Wilm. De 19801-3570

Lou G. Price, Sr.

I/M Lou L. Price, Sr.
454309   UNIT 23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.C.
X-RAY

Legal Mail

$00.87°
JAN 23 2007
MAILED FROM ZIP CODE 19977

05-871-SLR
District Court of Delaware
844 N. King St. / Lockbox 18
Wilm. Delaware
19801-3570