IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR.,                                )<br>                                                                          )<br>                       Plaintiff,                          )<br>                                                                          )   C.A. No. 05-871-SLR<br>           v.                                                          )<br>                                                                          )<br>C/O LIEUTENANT TAYLOR,                       )<br>NURSE CAROLE, NURSE KERA,           )   Jury Trial Requested<br>WARDEN TOM CARROLL,                         )<br>CORRECTIONAL MEDICAL SERVICES, )<br>UNKNOWN DEPARTMENT OF                 )<br>JUSTICE STATE DETECTIVES,               )<br>BETTY BURRIS, and CHRIS MALANEY, )<br>                                                                          )<br>                       Defendants.                      ) | |

**STATE DEFENDANTS LIEUTENANT TAYLOR, WARDEN TOM CARROLL AND BETTY BURRIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S <u>THIRD MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 50]</u>**

COMES NOW, the State Defendants, Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Third Motion For Appointment Of Counsel (the "Third Motion to Appoint Counsel") (D.I. 50). In support of the Response, the State Defendants state as follows:

1. Plaintiff Lou G. Price, Sr. ("Price" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). Price is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On December 15, 2005, Price filed a Complaint pursuant to 42 U.S.C. § 1983 against the State Defendants, as well as various medical defendants,

alleging, *inter alia*, that the defendants violated his constitutional rights by being deliberately indifferent to his medical needs. (D.I. 2).

3. Less than two months after he filed his Complaint, Price filed his first motion to appoint counsel (D.I. 9) and an Amended Complaint adding further allegations against the defendants (D.I. 11). On March 2, 2006, the Court, in a Memorandum Order, dismissed Plaintiff's claims against CMS but granted him leave to file a second amended complaint. (D.I. 12). The Court also denied Plaintiff's first motion to appoint counsel holding that Price's "allegations are not of such a complex nature that representation by counsel is warranted at this time." Memorandum Order at 6. The Court further found that, "The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments." *Id.*

4. On April 12, 2006, Price filed a twenty (20) page Second Amended Complaint detailing his allegations against the defendants, his alleged constitutional bases for recovery and his requested relief. (D.I. 13). The State Defendants filed an Answer to Plaintiff's Second Amended Complaint on September 21, 2006. (D.I. 29).

5. On October 10, 2006, Price filed his second motion to appoint counsel. In his second motion to appoint counsel, Price again asserted that he should receive counsel because he is incarcerated and unskilled in the law and because the administration at DCC "limits the days and times that appellant is allowed access to the law library." (D.I. 37).

6. State Defendants responded in opposition to Price's second motion to appoint counsel asserting that Price failed to meet the standard for appointment of

counsel because the facts in his case were not complex and he had demonstrated an ability to present his case. (D.I. 44). The Court has not yet ruled on Price's second motion to appoint counsel.

7. On January 11, 2007, while his second motion to appoint counsel was still pending, Price filed the Third Motion to Appoint Counsel, at issue here. (D.I. 50).[1] In his Third Motion to Appoint Counsel, Price contends that the Court should appoint him counsel because he is incarcerated and unskilled in the law. Price also asserts that counsel is warranted because the "administration at DCC has completely severed his physical access to the law library for unknown reasons…." (D.I. 50 at 2, ¶ 3). This is State Defendants' Response in Opposition to Price's Third Motion to Appoint Counsel.

8. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

---

[1] Although Price's Third Motion to Appoint Counsel was filed on January 11, 2007, the State Defendants did not receive notice of Price's motion until January 16, 2007 when it was entered by the Court because Price continues to refuse to send State Defendants' attorney copies of the papers he files with the Court.

9. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id*.

10. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

11. In light of the *Tabron* factors and the reasons set forth in the State Defendants' Response In Opposition To Plaintiff's Second Motion For Appointment Of Counsel (D.I. 44), Price does not require the appointment of counsel at this time. The issues in Price's case are not complex. Moreover, Price is able to adequately present his case. Thus far he has filed an Original Complaint, a First Amended Complaint and a twenty (20) page Second Amended Complaint detailing his allegations and claims. In addition, Price has recently filed a forty-five (45) page answering brief in opposition to the medical defendant's motion to dismiss, with forty (40) pages of attached exhibits. (D.I. 51). In his answering brief, Price again sets forth his allegations and claims and provides numerous case citations supposedly supporting his allegations.

12. Further, Price's claim that he has been denied access to the law library is false. As is evident from the law library usage report attached hereto, Price has been making, and continues to make, active use of DCC's law library. (Exhibit "A"). Although Price cannot physically attend DCC's law library because of his security status, he does have the opportunity to receive services from the law library staff through the use of mail. Price's law library usage report shows that over the course of the past year he has taken full advantage of the law library's services.

13. Price's Third Motion to Appoint Counsel fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Price does not need or require the appointment of legal counsel at this time and the Third Motion to Appoint Counsel should be denied.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Third Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for the State Defendants

Dated: January 25, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-871-SLR |
| v. | ) |
| | ) |
| C/O LIEUTENANT TAYLOR, | ) |
| NURSE CAROLE, NURSE KERA, | ) Jury Trial Requested |
| WARDEN TOM CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| UNKNOWN DEPARTMENT OF | ) |
| JUSTICE STATE DETECTIVES, | ) |
| BETTY BURRIS, and CHRIS MALANEY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Upon the Plaintiff's Third Motion For Appointment Of Counsel (D.I. 50) and State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Third Motion For Appointment Of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion For Appointment Of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on January 25, 2007, I caused a true and correct copy of the attached *State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Third Motion For Appointment Of Counsel [Re: D.I. 50]* to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
Lorenza A. Wolhar, Esq.
Marshall, Dennehey, Warner,
 Coleman & Goggin
1220 N. Market St.
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
lawolhar@mdwcg.com

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400