IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-871-SLR |
| ) | |
| C/O LIEUTENANT TAYLOR, NURSE ) | TRIAL BY JURY DEMANDED |
| CAROL, NURSE KERA, WARDEN ) | |
| TOM CARROLL, CORRECTIONAL ) | |
| MEDICAL SERVICES, UNKNOWN ) | |
| DEPARTMENT OF JUSTICE (DE) ) | |
| STATE DETECTIVE 1, UNKNOWN ) | |
| DEPARTMENT OF JUSTICE (DE) ) | |
| STATE DETECTIVE 2, BETTY ) | |
| BURRIS, MAJOR HOLMAN, CHRIS ) | |
| MALANEY, and PROFACI, ) | |
| ) | |
| Defendants. ) | |

**REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, IN RESPONSE
TO PLAINTIFF'S ANSWER BRIEF, AND IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS[1]**

1.   42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources.  The PLRA mandates that inmates *properly* exhaust administrative remedies before filing suit in federal court.[2]  "Proper exhaustion *demands compliance with an agency's deadlines and other critical procedural rules* because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[3]  *Prisoners must exhaust administrative*

---

[1] The Defendants waive their right to file a Reply Brief and submit this Motion in lieu thereof pursuant to Local Rule 7.1.2.
[2] *Woodford,* 126 S.Ct. at 2387 (emphasis supplied).
[3] *Id.* at 2386 (emphasis supplied).

*remedies before submitting any papers to the federal courts.*[4] Further, the Third Circuit has held that a lawsuit is properly dismissed where an inmate exhausts administrative remedies *after* filing a federal court action.[5]

2.      Filing a Medical Grievance is the first step in the Medical Grievance process. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee ("MGC") to conduct a hearing. If the decision of the MGC does not satisfy the inmate, the inmate may complete a MGC Appeal Statement which is then submitted to the Bureau Grievance Officer ("BGO").[6] The BGO will recommend a course of action to the Bureau Chief of Prisons, who renders the final decision.[7] Only after the BGO renders its decision, can the inmate's administrative remedies be considered "exhausted".

3.      According to the original papers filed on December 15, 2005, plaintiff claims exhaustion of his administrative remedies, as required in order to pursue this action in federal court. D.I. 2 at § II B. A closer look at this claim, and the papers accompanying plaintiff's Complaint, reveals that a Form #584 Grievance Form (#19384) was filed by this prisoner concerning this alleged incident and is attached to the original Complaint. D.I. 2. This Form is stamped received by the Inmate Grievance Office on October 14, 2005. According to plaintiff, this Grievance, #19384, was "unprocessed (dismissed)" because, *inter alia*, the seven-day filing period for grievances had passed. D.I. 2 at § II C. However, this Grievance (#19384) is not a Medical Grievance (Form #585), nor does it mention plaintiff's claims of medical care denied, refused, or otherwise withheld on or about November 21, 2005.

---

[4] *Vaden v. Summerhill*, 449 F.3d 1047, 1048, 1051 (9th Cir, 2006); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).
[5] *Oriaki v. United States*, 165 Fed. Appx. 991 (3d Cir. 2006).
[6] *Id.*
[7] *Id.*

According to papers accompanying the Complaint, D.I. 2 at Exhibit "B", a Form #585, Medical Grievance, was submitted by the prisoner on October 11, 2005,[8] which went "totally ignored". D.I. 2 at Exhibit "B". In his Answer Brief, it appears that the prisoner claims that the Medical grievance "mysteriously vanished" D.I. 51 at 22.[9] The action requested in the Medical Grievance was, *inter alia*, a "thorough examination" and "EMG". By December of 2005, the plaintiff was referred to an outside specialist who performed an EMG. D.I. 11.

At the time this Complaint was filed, by plaintiff's own admission, the grievance procedure had not been completed. In fact, the only step completed by the prisoner was the filing of a Medical Grievance on or about October 21, 2003. Since the inmate claims that this Medical Grievance was "ignored", the only implication is that every other step in the grievance procedure remained incomplete at the time this Complaint was filed. Plaintiff's own admission provides the "insuperable barrier" to the plaintiff's recovery in this case. This Second Amended Complaint must be dismissed against CMS for failure to properly exhaust administrative remedies, as required by federal law.

4. The plaintiff failed to include any affidavit of merit signed by an expert witness with his Second Amended Complaint. Plaintiff fails to address the CMS arguments related to claims of state law medical negligence and "breach of contract" through its nurses and medical personnel. CMS is entitled to dismissal of these claims against it.

5. Plaintiff asserts in his Answer Brief that he "does not premise his complaints under a theory of respondeat superior theory". D.I. 51 at 14. Contrary to this assertion, plaintiff

---

[8] For the purpose of its Motion to Dismiss, CMS will assume, without admitting, that such a Medical Grievance was submitted on or about October 21, 2004. Interestingly, the prisoner states that on October 5, 2005, about two weeks *prior* to filing his Medical Grievance, he was evaluated and prescribed medications by a physician.

[9] It also appears that the plaintiff asserts that the burden is on moving defendant to demonstrate the plaintiff's knowledge of the administrative remedies available to him before the failure to exhaust can be asserted. D.I. 51 at 24.

demonstrates a manifest reliance on such a theory. For example, he asserts, "[b]oth [Nurse Carol and Nurse Kera] were acting in official capacity for CMS…" D.I. 51 at 16. Since CMS cannot be liable under a theory of *respondeat superior*, CMS is entitled to dismissal of these claims against it.

6. In his Second Amended Compliant, Plaintiff has not alleged a specific policy or custom of CMS that proximately caused deliberate indifference to his serious medical needs, nor identified any CMS official who has the power to make such a policy, nor articulated any facts that would tend to support a claim of "an official proclamation, policy or edict", nor any "well-settled and permanent course of conduct" by CMS. In his Answer brief, the plaintiff, in conclusory fashion, asserts that "[The medical staff] were employed by CMS who require the nurses to follow a policy of deliberate indifference…." D.I. 51 at 15. Further, that "Nurse Carol was the official who had the power, control, responsibility the duty and the orders to either provide the needed health care remedy…." D.I. 51 at 15. The court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[10]

7. A motion to dismiss for failure to state a claim upon which relief can be granted should be granted in the event that it is "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[11] On the facts presented by the plaintiff in his Second Amended Complaint, and his Answer Brief, plaintiff's claims against CMS should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted.

---

[10] *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).
[11] *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

                                      MARSHALL, DENNEHEY, WARNER,
                                      COLEMAN AND GOGGIN

BY:    /s/ Lorenza Anna Wolhar
         LORENZA A. WOLHAR, (DE ID # 3971)
         1220 N. Market Street, 5th Floor
         P.O. Box 8888
         Wilmington, DE  19899-8888
         (302) 552-4300
         Attorneys for Correctional Medical Services

DATED:  January 26, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2007, I electronically filed the Reply of Defendant, Correctional Medical Services, in Response to Plaintiff's Answer Brief, and in Support of Defendant's Motion to Dismiss with the Clerk of Court using CM/ECF.

Erika Yvonne Tross
Deputy Attorney General
Department of Justice
820 N French Street
Wilmington, DE  19801

      I hereby certify that on January 26, 2007, I have mailed by United States Postal Service, the Reply of Defendant, Correctional Medical Services, in Response to Plaintiff's Answer Brief, and in Support of Defendant's Motion to Dismiss to the following non-registered participant:

Lou Garden Price, Sr., SBI# 454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                  MARSHALL, DENNEHEY, WARNER,
                                  COLEMAN AND GOGGIN

BY:    /s/ Lorenza Anna Wolhar
          LORENZA A. WOLHAR, (DE ID # 3971)
          1220 N. Market Street, 5th Floor
          P.O. Box 8888
          Wilmington, DE  19899-8888
          (302) 552-4300
          Attorneys for Correctional Medical Services