## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-871-SLR |
| v. | ) | |
| | ) | |
| C/O LIEUTENANT TAYLOR, | ) | |
| NURSE CAROLE, NURSE KERA, | ) | Jury Trial Requested |
| WARDEN TOM CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| UNKNOWN DEPARTMENT OF | ) | |
| JUSTICE STATE DETECTIVES, | ) | |
| BETTY BURRIS, and CHRIS MALANEY, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSES TO
PLAINTIFF'S COMBINED INITIAL SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS [RE: D.I. 53]**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, State

Defendants Warden Thomas Carroll, Deputy Warden Betty Burris, and Lieutenant

Ramon Taylor (the "State Defendants") hereby respond to Plaintiff's Combined Initial

Set Of Interrogatories And Requests For Production Of Documents Directed To The

Defendants (D.I. 53) (the "Discovery Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by

reference into each individual response herein, whether or not expressly incorporated by

reference in such individual response:

1.      State Defendants object to the Discovery Requests to the extent they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2.      State Defendants object to the Discovery Requests to the extent they seek information not in State Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3.      State Defendants object to the Discovery Requests to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4.      State Defendants object to the Discovery Requests to the extent they purport to require State Defendants to produce documents at the offices of Plaintiff's attorneys.

5.      State Defendants object to the Discovery Requests to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

6.      State Defendants object to the Discovery Requests to the extent they are vague, ambiguous, or otherwise incomprehensible.

7.      State Defendants object to the Discovery Requests to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

8.    In providing responses to these Discovery Requests, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

9.    State Defendants' assertion that they will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that State Defendants will make available for inspection and copying responsive, nonprivileged documents within their possession, custody or control should any such documents be located after a reasonably diligent search.

10.    Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Discovery Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION REQUEST NO. 1:**    Any and all grievances, complaints (formal or informal to all staff), or other documents received by the defendants or their agents at Delaware Correctional Center concerning misuse/excessive use of force on inmates by defendant CERT Team C/O Lt. Taylor, and any memoranda, investigative files, or other documents created in response to such documents since January 1, 1995.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION REQUEST NO. 2:**    Any and all grievances, complaints or other documents received by the defendants or their agents within the Department of Corrections concerning misuse/excessive use of force of prisoners by defendants unknown State Detective # 1 and # 2 of the Department of Justice of Delaware, and any memoranda, investigative files, or other documents created in response to such documents since January 1, 1995.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request

- 4 -

on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION REQUEST NO. 3:**    The complete names of Department of Justice State Detective # 1 and # 2 or the names of the two men (<u>aside from C/O Lt. Taylor</u>) who conducted the interstate transfer of Lou G. Price, Sr. from SCI – Camp Hill, PA to DCC – Smyrna on September 21, 2005.

**RESPONSE:**    State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is vague and ambiguous.    Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to documents produced and attached hereto.

**PRODUCTION REQUEST NO. 4:**    Furnish the full name of the Delaware Department of Corrections employee who Plaintiff Price believes was C/O Lt. Taylor ( Note:  Ramon Taylor is a <u>Black</u> male.  Price asserted in his original complaint that the CERT Team member who was a part of the transfer on 9/21/05 was no doubt a White male individual)

**RESPONSE:**    State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is vague and ambiguous in that the State Defendants do not know what "Plaintiff Price believes".

**PRODUCTION REQUEST NO. 5:**        Any and all transfer logs, documents, and orders in regards to prisoner Lou G. Price, Sr. and the names of the Delaware State agents who executed such transfer.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is vague and ambiguous in that it does not specify what type of "transfer" Plaintiff is referring to, the date of the alleged "transfer", and/or the nature of any alleged "transfer".   Subject to and without waiver of the foregoing general and specific objections, State Defendants will attempt to respond to this request upon receipt of further clarification and refer Plaintiff to documents produced and attached hereto.

**PRODUCTION REQUEST NO. 6:**        Any and all policies, directives to DOC staff concerning use of handcuffs, leg irons, "stunbelts" and other restraint devices used by DCC/DOC staff, and DE Department of Justice State Detectives.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.   State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION REQUEST NO. 7:**    Any and all policies, directives and instructions to DOC/DCC staff concerning the physical restraint of inmates during transfers including policies that regard prisoners who are post-operation, injured, (special conditions, i.e. in labor, etc.).  This includes Department of Justice of Delaware State Detectives.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is vague, ambiguous, and unlikely to lead to the discovery of admissible evidence.  State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION RESPONSE NO. 8:**    Any and all policies, directives, memorandums [sic], customs and instructions to staff governing sick call procedures, both in general population, the S.H.U., the M.H.U. and in segregation and "solitary confinement" (the "hole").

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION REQUEST NO. 9:**      All sick call request sheets from the period September 21, 2005 to the date of your response.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome in that Plaintiff does not state whose sick call requests he seeks. Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to his medical records produced and attached hereto.

**PRODUCTION REQUEST NO. 10:**      Plaintiff  Price's  complete medical records from September 21, 2005 to the date of your response including any and all Pa-DOC medical records, if any.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to his medical records produced and attached hereto.

**PRODUCTION REQUEST NO. 11:**      Plaintiff's  intake  records upon his entry and interview by Nurse Carol.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that Plaintiff's reference to "intake records" is vague.  Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to his medical records produced and attached hereto.

**PRODUCTION RESPONSE NO. 12:**    The Full names of Nurse Carol and Nurse Kera who are believed to be CMS employees from September 21, 2005 to the present.

**RESPONSE:**  Subject to and without waiver of the foregoing general objections, State Defendants state that this request appears to be directed to another defendant.

**PRODUCTION REQUEST NO. 13:**    Any logs, lists, or other documentation reflecting grievances filed by DCC prisoners from September 21, 2005 (regarding medical grievances and regular grievances which regard medical issues concerning medical staff).

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants further object to this request on grounds that it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**PRODUCTION REQUEST NO. 14:**    Any and all documents created by any DCC staff member in response to a grievance filed by the Plaintiff in September 2005 and October 2005 concerning his medical care.

**RESPONSE:**  State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this request

on grounds that it is vague and ambiguous in that Plaintiff fails to define the grievance he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendants will attempt to respond to this request upon receipt of further clarification and refer Plaintiff to his medical records produced and attached hereto.

**PRODUCTION RESPONSE NO. 15:**    Any and all documents created by any DCC/CMS staff member in response to any/all grievances filed by the Plaintiff from September 21, 2005 to the date of your response concerning his medical care.

**RESPONSE:**    State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this request to the extent it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to his medical records produced and attached hereto.

**PRODUCTION REQUEST NO. 16:**    Any and all documents created by DOC/DCC Administration and Medical staff from September 21, 2005 to date concerning Plaintiff's medical, psychiatric and dental care not included in the above.

**RESPONSE:**    State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this request to the extent it requests documents protected from disclosure by the attorney-client

privilege, the work product doctrine and/or 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to his medical records produced and attached hereto.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**   State duties of defendant Chris Malaney, Medical Administrator at DCC during the time of Plaintiff's alleged incidents. September thru December 2005 and ongoing to the date of your response. If those duties are set forth in any job description or other document, produce the document.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 2:**   State the duties of defendant Elizabeth "Betty" Burris (Deputy Warden), Warden Tom Carroll and Lieutenant Taylor (the White male DOC gentleman who assisted in Plaintiff's transfer). NOT Ramon Taylor. Identify and state the duties of the other Lieutenant Taylor, Betty Burris, and Warden Tom Carroll, insofar as they pertain to providing medical care to prisoners or transportation of prisoners to medical appointments or facilities in state or interstate. If those duties are set forth in any job description or other document, produce the document.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is vague and ambiguous in that it fails to define "the other Lieutenant Taylor." Subject to and without waiver of the foregoing general and specific objections, State Defendants state:

(1) Warden Carroll – Warden Carroll is a Warden V. By way of further response, State Defendants refer Plaintiff to the Warden's job description produced and attached hereto.

(2) Deputy Warden Burris – Deputy Warden Burris is a Deputy Warden II. She assists the Warden with the daily operations of the Delaware Correctional Center by managing and directing staff through subordinate supervisors and managers. In addition she, together with the Warden, is responsible for ensuring that the medical provider is provided access to the inmates to satisfy medical needs and that inmates are transported to medical appointments within DCC and outside of DCC. By way of further response, State Defendants refer Plaintiff to the Deputy Warden's job description produced and attached hereto.

(3) Lieutenant Ramon Taylor – State Defendants refer Plaintiff to the Lieutenant's job description produced and attached hereto.

**INTERROGATORY NO. 3:**        Produce all of Plaintiff's transfer information from Pa-DOC to DE-DOC on September 21, 2005 and all logs signed by Department of Justice State Detectives who facilitated the transfer in question along with the full names, ranks, positions, information and instructions given to the State Detectives regarding Plaintiff.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendants also object to this interrogatory on grounds that this is not a proper interrogatory in accordance with Federal Rule of Civil Procedure 33. State Defendants further object to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del.*

*C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, State Defendants refer Plaintiff to documents produced and attached hereto.

**INTERROGATORY NO. 4:** State the names, titles, and duties of all staff members at the Department of Justice who have responsibility for conducting interstate transfers from and to Delaware DOC.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** State the names, titles and duties of all staff members at DCC who have responsibility for scheduling transfers, interstate transfers, medical appointments outside the DCC prison, for arranging transportation to medical appointments outside the prison, or for evaluation of requests for specialized treatment or evaluation. If any of those duties are set forth in any job description or other document, produce the document.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendants further object to this interrogatory to the extent it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing

- 13 -

general and specific objections, State Defendants state that there are many different employees that can schedule inmate transfers including the CERT team. Moreover, the medical provider is in charge of scheduling medical appointments outside of DCC.

**INTERROGATORY NO. 6:**    State the names, titles, and duties of all staff members at DCC other than defendants Carroll, Burris and Taylor who have responsibility for ensuring that prisoners' requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the document.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendants further object to this interrogatory to the extent it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, State Defendants state that the medical provider is responsible for responding to an inmate's request for medical attention.

**INTERROGATORY NO. 7:**    State the procedure in effect during September and October of 2005 at DCC for conducting sick call, including the procedure by which prisoners sign up for or request emergency sick call (i.e. for pain/injury). If the procedure is different for segregation prisoners than for general population prisoners, state both/all procedures. If those procedures are set forth in any policy, directive or other document produce the document.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. State Defendants further object to this interrogatory on grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**INTERROGATORY NO. 8:**        State the names, titles and duties of all staff members at DCC who have responsibility for responding to, investigating or deciding inmate grievances. Produce all documents.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome. By way of further response, State Defendants object to this interrogatory on grounds that it is vague and ambiguous in that it fails to define the term "inmate grievances." State Defendants further object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendants state that Captain Michael McCreanor and Corporal Lise Merson serve as the DCC Inmate Grievance Chairpersons.

**INTERROGATORY NO. 9:**        Produce the names, titles and duties of all medical staff members at DCC from September 21, 2005 to the date of your response.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 10:**    Produce the names, titles and duties of all nurses at DCC from September 21, 2005 to the date of your response.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing general and specific objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 11:**    Produce the names (first and last) of CMS nurses Carol and Kera from September 21, 2005 to the date of your response.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 12:**    State the procedure and policy in effect during September 2005 to the date of your response for responding to, investigating and deciding inmate grievances and medical grievances.  Produce the directive, manual and all documents in relation to the above.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants further object to this interrogatory on grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**INTERROGATORY NO. 13:**     Produce the contract CMS, Inc. or Correctional Medical Services has with the Delaware Department of Corrections (including DCC).

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants also object to this interrogatory on grounds that this is not a proper interrogatory in accordance with Federal Rule of Civil Procedure 33.   State Defendants further object to this interrogatory on grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.

**INTERROGATORY NO. 14:**     Produce any and all documents relating to CMS medical care policies, manuals and directive.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly

broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is unlikely to lead to the discovery of admissible evidence.  State Defendants also object to this interrogatory on grounds that this is not a proper interrogatory in accordance with Federal Rule of Civil Procedure 33.  State Defendants further object to this interrogatory on grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or 11 *Del. C.* § 4322.  Subject to and without waiver of the foregoing general and specific objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 15:**    Produce   any   and   all   records pertaining to CMS infractions, violations, sanctions or fines imposed against them by the Delaware Department of Corrections, State Court, District Court, Department of Justice or any governing authority in America since January 1, 2000 in regards to the deliberate indifference of inmates medical care, including a list or records of any pending lawsuits in the State of Delaware.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this interrogatory on grounds that it is overly broad and unduly burdensome.  By way of further response, State Defendants object to this interrogatory on grounds that it is vague, ambiguous and unlikely to lead to the discovery of admissible evidence.  State Defendants also object to this interrogatory on grounds that this is not a proper interrogatory in accordance with Federal Rule of Civil Procedure 33.  State Defendants further object to this interrogatory on grounds that it seeks information protected from disclosure by the attorney-client privilege, the work

product doctrine and/or 11 *Del. C.* § 4322.  Subject to and without waiver of the foregoing general and specific objections, State Defendants state that this interrogatory appears to be directed to another defendant.

**INTERROGATORY NO. 16:**    Produce all documents of any and all expert witnesses you plan on using in this case or any evidentiary hearing in relation to this case.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendants state that they have not presently retained an expert witness in this case.  State Defendants retain the right to call an expert witness in this case and will provide documents regarding such witness and his/her testimony at a time and in a manner that is in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Delaware.

**[Remainder of page intentionally left blank.]**

**INTERROGATORY NO. 17:**    Produce any documents you intend to introduce in this case.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendants state that they do not presently know what documents they will introduce in this case. State Defendants retain the right to introduce documents at the trial of this action and will produce such documents at a time and in a manner that is in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Delaware.

 

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
     Attorney for the State Defendants


Dated: April 18, 2007

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on April 18, 2007, I caused a true and correct copy of the attached *State Defendants' Responses to Plaintiff's Combined Initial Set of Interrogatories and Requests for Production of Documents [Re: D.I. 53]* to be served on the following individuals in the form and manner indicated:

### VIA FIRST CLASS MAIL:

Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

### VIA ELECTRONIC DELIVERY
### & FIRST CLASS MAIL:

Lorenza A. Wolhar, Esq.
Marshall, Dennehey, Warner,
 Coleman & Goggin
1220 N. Market St.
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
lawolhar@mdwcg.com

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400