IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-871-SLR |
| | ) | |
| C/O LIEUTENANT TAYLOR, NURSE | ) | JURY TRIAL REQUESTED |
| CAROL, NURSE KERA, WARDEN | ) | |
| TOM CARROLL, CORRECTIONAL | ) | |
| MEDICAL SERVICES, UNKNOWN | ) | |
| DEPARTMENT OF JUSTICE (DE) | ) | |
| STATE DETECTIVE 1, UNKNOWN | ) | |
| DEPARTMENT OF JUSTICE (DE) | ) | |
| STATE DETECTIVE 2, BETTY | ) | |
| BURRIS, MAJOR HOLMAN, CHRIS | ) | |
| MALANEY, and PROFACI, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF CORRECTIONAL MEDICAL SERVICES TO COMBINED INITIAL SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEFENDANTS

### GENERAL OBJECTIONS

Defendant makes the following General Objections ("General Objections") to the Plaintiff's **COMBINED INITIAL SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** to Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

1. Defendant objects to each Request to the extent that it seeks to impose an obligation or burden on Defendant beyond that required by Fed R. Civ. P. 26. Defendant will respond to each Request to the extent required by applicable rules.

2. Defendant objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

3. Defendant objects to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In

addition, Defendant object to each Interrogatory where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

4. Defendant objects to each Request to the extent that it seeks information that is not within the personal knowledge of defendant, or that may be outside the time period relevant to the subject matter of this lawsuit.

5. Defendant objects to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

6. Defendant objects to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendant to incur any unnecessary expense.

7. Defendant objects to each Request to the extent that it is vague and/or ambiguous.

## PRESERVATION OF RIGHTS

All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All questions as to competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

2. The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

3. The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

4. The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

Defendant incorporates the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

### Requests for Production of Documents

1. Any and all grievances, complaints (formal or informal to all staff), or other documents received by the defendants or their agents at Delaware Correctional Center concerning

misuse/excessive use of force on inmates by defendant CERT Team C.O. Lt. Taylor, and any memoranda, investigative files, or other documents created in response to such documents since January 1st, 1995.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

2.    Any and all grievances, complaints or other documents received by the dependants or their agents within the Department of Corrections concerning misuse/excessive use of force of prisoners by defendants unknown State Detective #1 and #2 of the Department of Justice of Delaware, and any memoranda, investigative files, or other documents created in response to such documents since January 1st, 1995.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

3.    The complete names of Department of Justice State Detective #1 and #2 or the names of the two men (aside from C.O. Lt. Taylor) who conducted the interstate transfer of Lou G. Price, Sr. from SCI-Camp Hill, Pa. to DCC-Smyrna on September 21, 2005.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

4. Furnish the full name of the Delaware Department of Corrections employee who plaintiff Price believes was C.O. Lt. Taylor (Note: Ramon Taylor is a <u>Black</u> male. Price asserted in his original complaint that the CERT Team member who was a part of the transfer on 9/21/05 was no doubt a White male individual).

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

5. Any and all transfer logs, documents, and orders in regards to prisoner Lou G. Price, Sr. and the names of the Delaware State agents who executed such transfer.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

6. Any and all policies, directives to DOC staff concerning use of handcuffs, leg irons, "stunbelts" and other restraint devices used by DCC/DOC staff, and DE Department of Justice State Detectives.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

7. Any and all policies, directives and instructions to DOC/DCC staff concerning the physical restraint of inmates during transfers including policies that regard prisoners who are post-operation, injured, (special conditions, i.e. in labor, etc.). This includes Department of Justice of Delaware State Detectives.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

8. Any and all policies, directives, memorandums, customs and instructions to staff governing sick call procedures, both in general population, the S.H.U., the M.H.U. and in segregation and "solitary confinement" (the "hole").

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

9. All sick call request sheets from the period September 21, 2005 to the date of your response.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence and implicates federal confidentiality and privacy laws.

10. Plaintiff Price's complete medical records from September 21, 2005 to the date of your response including any and all Pa-DOC medical records if any.

RESPONSE:

To be provided.

11. Plaintiff's intake records upon his entry and interview by Nurse Carol.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is vague. Notwithstanding these objections, and subject to them, please refer to Answer 10, above.

12. The full names of Nurse Carol and Nurse Kera who are believed to be CMS employees from September 21, 2005 to the present.

RESPONSE:

Objection. This Request is overly broad and vague. Notwithstanding these objections, and subject to them, Kira Hargan and Carol Kozak.

13. Any logs, lists, or other documentation reflecting grievances filed by DCC prisoners from September 21, 2005 (regarding medical grievances and regular grievances which regard medical issues concerning medical staff).

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not

reasonably calculated to lead to the discovery of admissible evidence and implicates federal confidentiality and privacy laws.

14. Any and all documents created by any DCC staff member in response to a grievance filed by the plaintiff in September 2005 and October 2005 concerning his medical care.

RESPONSE:

This Request appears to be directed to another defendant, therefore, no response is required by CMS.

15. Any and all documents created by any DCC/CMS staff member in response to any/all grievances filed by the plaintiff from September 21, 2005 to the date of your response concerning his medical care.

RESPONSE:

Objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and subject to them, please refer to Answer 10, above.

16. Any and all documents created by DOC/DCC Administration and medical staff from September 21, 2005 to date concerning plaintiff's medical, psychiatric and dental care not included in the above.

RESPONSE:

Objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and subject to them, please refer to Answer 10, above.

Interrogatories and Request for Production of Documents

1. State the duties of defendant Chris Malaney, Medical Administrator at DCC during the time of plaintiff's alleged incidents. September thru December 2005 and ongoing to the date of your response. If those duties are set forth in any job description or other document, produce the document.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

2. State the duties of defendant Elizabeth "Betty" Burris (Deputy Warden), Warden Tom Carroll and Lieutenant Taylor (the White Male DOC gentleman who assisted in plaintiff's transfer). Not Ramon Taylor. Identify and state the duties of the other Lieutenant Taylor, Betty Burris, and Warden Tom Carroll, insofar as they pertain to providing medical care to prisoners or transportation of prisoners to medical appointments or facilities in state or interstate. If those duties are set forth in any job description or other document, produce the document.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

3. Produce all of plaintiff's transfer information from Pa.-DOC to DE-DOC on September 21, 2005 and all logs signed by Department of Justice State Detectives who facilitated the transfer in question along with the full names, ranks, positions, information and instructions given to the State Detectives regarding plaintiff.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

4. State the names, titles, and duties of all staff members at the Department of Justice who have responsibility for conducting interstate transfers from and to Delaware DOC.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

5. State the names, titles and duties of all staff members at DCC who have responsibility for scheduling transfers, interstate transfers, medical appointments outside the DCC prison, for arranging transportation to medical appointments outside the prison, or for evaluation of requests for specialized treatment or evaluation. If any of those duties are set forth in any job description or other document, produce the document.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

6. State the names, titles, and duties of all staff members at DCC other than defendants Carroll, Burris and Taylor who have responsibility for ensuring that prisoners' requests for medical attention are responded to. If those duties are set forth in any job description or other document, produce the document.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

7.  State the procedure in effect during September and October of 2005 at DCC for conducting sick call, including the procedure by which prisoners sign up for or request emergency sick call (i.e. for pain/injury). If the procedure is different for segregation prisoners than for general population prisoners, state both/all procedures. If those procedures are set forth in any policy, directive or other document produce that document.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

8.  State the names, titles and duties of all staff members at DCC who have responsibility for responding to, investigating or deciding inmate grievances. Produce all documents.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS.

9.  Produce the names, titles and duties of all medical staff members at DCC from September 21, 2005 to the date of your response.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence and implicates federal confidentiality and privacy laws.

10.  Produce the names, titles and duties of all nurses at DCC from September 21, 2005 to the date of your response.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and implicates federal confidentiality and privacy laws.

11.  Produce the names (first and last) of CMS Nurses Carol and Kera from September 21, 2005 to the date of your response.

ANSWER:

Please see response to Request Number 12, above.

12.  State the procedure and policy in effect during September 2005 to the date of your response for responding to, investigating and deciding inmate grievances and medical grievances. Produce the directive, manual and all documents in relation to the above.

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

13.  Produce the contract CMS, Inc. or Correctional Medical Services has with the Delaware Department of Corrections (including DCC).

ANSWER:

This Interrogatory appears to be directed to another defendant, therefore, no response is required by CMS. To the extent that this Interrogatory is directed to CMS, objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

14. Produce any and all documents relating to CMS' medical care policies, manuals and directive.

ANSWER:

Objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and/or proprietary information.

15. Produce any and all records pertaining to CMS' infractions, violations, sanctions or fines imposed against them by the Delaware Department of Corrections, State Court, District Court, Department of Justice or any governing authority in America since January 1st, 2000 in regards to the deliberate indifference of inmates' medical care, including a list or records of any pending lawsuits in the State of Delaware.

ANSWER:

Objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

16. Produce all documents of any and all expert witnesses you plan on using in this case or any evidentiary hearing in relation to this case.

ANSWER:

Objection. This Interrogatory is beyond the scope of Fed. R. Civ. P. 26.

17. Produce any documents you intend to introduce in this case.

ANSWER:

Objection. This Interrogatory is vague. Notwithstanding this objection and subject to it, Correctional Medical Services has not determined what documents it intends to "introduce" in this case.

                                    MARSHALL, DENNEHEY, WARNER,
                                    COLEMAN AND GOGGIN

BY: _____/s/ Lorenza A. Walker_____
      LORENZA A. WOLLAR, (DE ID # 3971)
      1220 N. Market Street, 5th Floor
      P.O. Box 8888
      Wilmington, DE 19899-8888
      (302) 552-4300
      Attorneys for Correctional Medical Services

DATED: February 26, 2007