In The United States District Court For The District of Delaware

☐ ORIGINAL

Lou Garden Price, Sr.
    Plaintiff,

v.

C.O. Lieutenant Taylor, et al.
    Defendants.

C.A. No. 05-871-SLR

Jury Trial Requested

FILED
JUL 23 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE

BD scanned

## Motion For The Appointment Of Counsel

Plaintiff Lou Garden Price, Sr. pursuant to § 1915, respectfully moves this Court to appoint counsel to represent him in this case for the following reasons:

1. The plaintiff is unable to afford counsel.
2. The issues involved in this case are complex.
3. The plaintiff, as an MHU prisoner who must rely on a law-library-thru-the-mail-only paging system, has no physical access to the law library whatsoever.

4. The plaintiff has a limited knowledge of the law and exactly no legal education.

Thank You Kindly.

Date: 7/8/07

Lou G. Price, Sr. SBI #454309
DCC
1181 Paddock Rd.
Smyrna, De. 19977

In The United States District Court For The District of Delaware

Lou G. Price, Sr.
    Plaintiff,

v.

Co. Lt. Taylor et al.
    Defendants.

C.A. No. 05-871-SLR

Jury Trial Requested

- - - - -

Affidavit In Support of The Plaintiff's Motion For The Appointment of Counsel

Lou Garden Price, Sr., being duly sworn, deposes and says:

1. I am the plaintiff in the above entitled case. I make this affidavit in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that the plaintiff Price was subjected to abuse by two Department of Justice State Detectives (Del.) and a correctional officer from Delaware Correctional Center,

all three of which were aware of plaintiff Price's post-operative condition but they made the conscious choice to ignore Price's condition and over-restrained him for more than 3½ hours. Acting under color of irrationally negligent departmental policy, their sadistic acts of deliberate indifference to Price's medical need contributed to the permanent, painful, nerve damage he now has to live with for life.

3. This case is complex because it contains at least three different sets of defendants and several different legal claims. (The State Detectives, CMS, Inc., and DOC employees).

4. The case involves medical issues that will require expert testimony.

5. The plaintiff has requested a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses who have been subjected to the past; present/continued practice of cruel and unusual punishment of CMS, Inc., the DCC and its corrupt (administrative) grievance system. Plaintiff plans to not only request sensitive

documents but also call on several other men and women prisoners who have suffered and/or have brought suit in this Court... in support of Plaintiff's allegations.

7. The testimony will be in sharp conflict since the plaintiff is alleging abuse by officers and deliberate indifference by CMS and its nurses who delayed and denied Price treatment.

8. The plaintiff has no legal education.

9. The plaintiff has asserted that both DCC and CMS personnel has retaliated against him in numerous ways in the past as they are still doing now. One way is classifying and keeping him in the SHHU with no explanation. For this reason he has very limited access to legal materials and has no ability to investigate the facts of the case (for example, locating and interviewing the other inmates who plaintiff mentioned above in #6 who are subjects to the same practice of cruel and unusual punishment by DCC and CMS, Inc.).

10. In further support of this Memorandum of Law, and for the record, the plaintiff just recently refiled a new 1983 action against DCC and CMS regarding plaintiff's doctor prescribed medical diet and how plaintiff's heart health is being placed at risk, due to corrections officials and CMS personnel depriving plaintiff (another brutal game/act of retaliation by them). In other words plaintiff is in serious need of counsel to assist him in prevailing over these individuals who are basically conducting themselves as "outlaws".

11. As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of the plaintiff's claims, plainly support the appointment of counsel to represent Price, (who is also an indigent litigant).

12. Last, this Honorable Court decided to deny Defendant CMS, Inc's Motions To Dismiss, so plaintiff withstood summary judgment, and he contends that if counsel is appointed, then he would prevail on the merits and all facts.

Wherefore, the plaintiff's motion for the appointment of counsel should be granted by this Court.

Respectfully Submitted,

_Lou G. Price, Sr. 454309_
Pro Se

Sworn to before me this 10th day of July, 2007.

_Osman Sammander_
Notary Public

OSMAN SAMMANDER
Notary Public
State of Delaware
My Comm. Expires June 14 2008

From: Lou G. Price, Sr.
SBI# 454309   UNIT 23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Honorable Judge Sue L. Robinson
United States District Court
U.S. Courthouse
Wilmington, De.
19801

Cv. No. 05-871-SLR