In The United States District Court For The District of Delaware

☐ ORIGINAL

Lou Garden Price, Sr.
    Plaintiff,

v.

C.O. Lt. Taylor et al.,
    Defendants.

C.A. No. 05-871-SLR



FILED 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE
BD scanned

Memorandum of Law In Support of Plaintiff's Motion For The Appointment of Counsel

## Statement of the Case...

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner who is asserting claims for the unconstitutional abuse (excessive restraint/use of excessive force), and the denial of medical care for injuries inflicted during the abuse. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment for all.

## Statement of Facts

The Complaint alleges that the plaintiff was abused by two Delaware Department of Justice State Detectives and a DCC-DOC correctional lieutenant, receiving injuries to his right post-operative wrist, causing permanent damage, pain and suffering. Plaintiff was denied medical treatment and doctor prescribed medication for pain by CMS, Inc. nurses Carole Kozak and a nurse Kera. By the time Price was seen by a doctor — approximately (15) days — any chance for repair was gone. This doctor (actually a Nurse Practitioner Sherell Ott) had Price sent to an outside specialist who performed an EMG that determined permanent damage to plaintiff's right wrist/hand. Thus, both the officers and the CMS nurses acted with deliberate indifference to Price's medical needs, establishing an Eighth Amendment violation of Price's constitutional rights. The administrative personnel were named due to either their inaction, delay of medical (outside) treatment, and refusal to respond to plaintiff's grievances/appeals — (just to be brief).

## Argument

### The Court Should Appoint Counsel For The Plaintiff.

In deciding whether to appoint counsel for an indigent litigant, the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted), cert. denied, 112 S. Ct. 1995 (1992). In addition, courts have held that the most important factor is whether the case appears to have merit. Cooper v. A Sargenti Co. Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. **Factual Complexity.** . . . The plaintiff alleges that three state officials physically abused him while they're probably still being allowed to physically abuse others. Plus, those officials' supervisors attorneys are refusing to release any records about these officials regarding their past (possible) misconduct and/or grievances lodged against them — or civil actions that may reveal violent propensities and/or deliberate indifference to

prisoners with serious medical needs. Next, Price challenges the blatant denial of medical care directly after his 3½ hours of suffering at the hands of the two State Detectives and the DOC DCC lieutenant. In addition, Price is being told by Defendant/attorney for the State Def's that Mr. Ramon Taylor is the "Lieutenant Taylor" Price named in this Action when the fact is Ramon Taylor is a Black man and the "Lt. Taylor" Price is accusing is a White man. Plainly, DCC/their attorney is concealing the true identity of the DOC employee ("Lt. Taylor") who came along to pick Price up from Camp Hill, (Pa-DOCS), on 9/21/05. Thus, the sheer number of claims, defendants, the difficulty Price is having in identifying "Lt. Taylor" — not to mention the game DCC/their attorney is playing by not revealing "Lt. Taylor's" true identity — does in fact make this a factually complex case.

To add to that, one of the plaintiff's claims involves the denial of medical care, so it will be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the request

for appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); also see Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

2. The Plaintiff's ability to investigate... The plaintiff is being housed in the MHU (Medium High Unit) section of DCC with no explanation why (on paper) and no physical access to the law library which was severed in December 2006. Plaintiff has no ability to investigate the facts. For example, he is unable to identify, locate and interview other prisoners who were and are being subjected to the continued practice of cruel and unusual punishment of CMS, Inc., the DCC and its corrupt (administrative) grievance system. As a result of CMS staff's morbid practices and the interdepartmental (admin.) corruption, prisoners have died here at DCC and there are still others in the infirmary who are sick and dying and, yet, they still have to be subjected to a corrupt grievance process. In addition, this case will require considerable discovery concerning the identity of witnesses, "support witnesses", the history of the three state officials with possible prior records of abuse, etc. See

Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

3. <u>Conflicting testimony</u>... The plaintiff's account of the abuse by the transferring officers and the denial/delay of medical care is squarely in conflict with the plaintiff's. This aspect of the case will be a credibility contest between the defendants and the plaintiff (as well as other prisoners who plaintiff wishes to locate). The existence of these credibility issues supports the appointment of counsel. Galson v. Coughlin, 679 F.Supp. 270, 273 (W.D. N.Y. 1988).

4. <u>The ability of the indigent to present his claim</u>... The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whiserant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined to the Medium High Security Unit with no physical access to legal/law library. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. <u>Legal complexity</u>... The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S. Ct. 1995 (1992).

6. <u>Merits of the case</u>... The plaintiff's allegations if proved, clearly would establish a constitutional violation(s). The unprovoked, unjustifiable, and injurious abuse alleged in the complaint clearly states an Eighth Amendment violation. See Hudson v. McMillian, U.S., 112 S.Ct. 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

Thus, this Honorable Court just issued an Order Denying CMS, Inc. and its attorneys' motion for summary dismissal. For this reason and other reasons discussed herein the court should grant the plaintiff's motion and appoint counsel in this case, for on its face, this is a meritorious case.

Respectfully Submitted,

*Lou G. Price, Sr.*

Lou G. Price, Sr. - Pro Se
DCC - Smyrna
1181 Paddock Rd.
Smyrna, De 19977

7/7/07

## Proof of Service

I hereby certify that on July 10th, 2007 I have mailed by USPS two copies of each:

- Motion For The Appointment of Counsel
- Affidavit In Support of The Plaintiff's Motion For The Appointment of Counsel

and
- Memorandum of Law In Support of Plaintiff's Motion For The Appointment of Counsel

To the following:

Miss Erika Yvonne Tross, Esq.
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, De. 19801

Marshall, Dennehey, Warner Coleman, and Goggin
Miss Lorenza Anna Wolhar, Esq.
1220 N. Market St., 5th Fl.
P.O. Box 8888
Wilmington, De. 19899-8888
Attorneys For CMS, Inc.

United States District Court Judge Sue L. Robinson
844 North King Street
Lockbox 18
Wilmington, De 19801-3570