In The United States District Court For The
District of Delaware

☐ **ORIGINAL**

Lou G. Price, Sr.
     Plaintiff,

     V.

C.O. Lt. Taylor, et al.
     Defendant.

C.A. No. 05-871-SLR

Jury Trial Requested

```
FILED
AUG 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

BD Scanned

## Plaintiffs Response To State Defendants Opposition To Plaintiff's Fourth Motion For Appointment Of Counsel

Comes NOW, Lou G. Price, Sr. (or Plaintiff) proceeding pro se hereby responds to the State Defendants Opposition To Plaintiff's Fourth Motion to appoint counsel. In support of the response, Price contends the following:

## Precise Summary

1). I concede that this is my 4th request for counsel. In my prior requests I used form motions given to me by other inmates or I copied them by hand, attempting to explain why I thought I needed a lawyer's help. According to counsel for State Defendants I "falsely asserted that counsel is warranted because the administration at DCC has completely severed his physical access to the law library..." (See D.I. 79 at #7).

That's still 100% true. I am being denied physical access to the law library ever since it was closed December of 2006. I remain unskilled in the law, I remain incarcerated, and I remain in the medium high unit at DCC with a permanently damaged right hand, on pain medication and still being denied proper medical treatment from CMS and still subject to the same CMS/DOC policy and customs that deny said medical treatment in the first place.

2). State Defendants/counsel states in their motion opposing plaintiff's 4th request for

counsel that I am falsely claiming that I am ① being retaliated against, ② being denied access to the law library, and that ③ the State Defendants have refused to provide him with discovery... (as such they urge the court to deny my instant Motion For Counsel).

First, I have been claiming that I'm being retaliated against since I informed this Honorable Court in my response to CMS Motion To Dismiss. And I'm currently preparing an Amendment to 07-380-SLR where I will be moving the Court to amend the Caption (re: the 3 onK. Kitchen C.O.'S) and adding defendants who I'll specifically name in my retaliation claims.

Second, it is a fact that the MHU Law Library was shut down December 2006 (12/18/06) because Tim Shartin was assigned to the Main Law Library so all prisoners in the SMHU have been severed physical access to the MHU law Library. And even though I have used the current mail/paging system

3 OF 12

(and still use) it doesn't mean I am skilled in the law or know what I'm doing. I guess and <u>ask other prisoners</u> what I should ask for. I've asked for probably hundreds of things and still have no skill in the law. <u>This is not a "correspondence course."</u>

Plus, aside from the SHU Law Library keeping a record of things I ask for they also make copies and keep records of everything I need copied (law work / privileged legal mail —info). And, apparently <u>all</u> of my legal work is <u>being read and documented</u> because the record was attached to Erika Y. Tross / State Defendants "Response In Opposition to Plaintiff's Third Motion For Appointment of Counsel (D.I. 50)." (see attached Exhibit "A"). That's illegal malfeasance — there's law (caselaw) outlawing prisoners' legal work / mail being read (see <u>Bayron v. Trudeau, 702 F.2d 43, 45 (2d Cir 1983)</u>. also, <u>Proudfoot v. Williams, 803 F. Supp. 1048, 1052-53</u> E.D. Pa 1992). I have a right to freely

communicate with the courts but the set up here at DCC forces me to "share" everything I'm doing or trying to do with DCC, the Department of Justice, etc. They're in turn, sharing it with each other and have the audacity to attach a computer printout of their conspiracy onto a Motion before the District Court Chief Judge.

I never once condoned DCC nor CMS to disclose or read or keep records of my legal letters to the Courts or any of my legal papers period. I never once condoned in writing or otherwise that the SMHU Law Library — Mike Little, Maria Lyons, etc. — could record, or keep copies of, or read my legal information and simply give it to the DAG Ms. E. Tross. This is an adversarial process and the DOC Policy that Ms. Tross is saying I've taking full advantage of? (SMHU's Law Library Services) so is she.

How is it Fair? It's an obstruction of justice I am seeking.

5 of 12

This Honorable Court cannot sanction or condone malfeasance in the Attorney General's Office. It's wrong, and violates my rights.

Because of the facts asserted above and those within my Fourth Motion for Counsel, this Honorable Court should appoint Counsel.

Counsel/State Defendants assert that (at #14 of D.I. 79) I cannot physically attend the MHU - DCC law library because of my security status. That's not true. The MHU law library, (again), has been closed and no one in the MHU can attend.

At #15 D.I. 79, Counsel/State Defendants contend "Price's assertion that DCC is retaliating against him for filing the lawsuit by housing him in the Medium High Security Unit ("MHU") is misleading... Price is a convicted first degree murderer serving a life sentence. His classification

6 of 12

in the SMHU is attributable to his status as a convicted Felon and his life sentence.

I came to DCC in February 2004 and left for Pa-DOC in July 2004. During my DCC stay I was in general population. I was brought back here to DCC Sept 21, 2005 and _then_ placed in Bldg #21 — Maximum Security — SHU because the DCC Administration allowed Counselor Cassie Arnold to get sexually assaulted by a rapist who had 600 years+ for _raping women_. DCC took that out on everybody. Still, a great number of men with life sentences (" convicted Felons") remained and still remain in population and/or were never brought to SMHU/SHU. Upon my re-arrival to DCC from Pa-DOC I was placed in SHU and SMHU; even when I appealed, I was provided no explanation why nor was I afforded the opportunity to present evidence or reasons why I shouldn't be punished or placed in high security

7 of 12

because of the negligent/indifferent mindset of DCC Administrators. Thus I was denied my due process rights under the Constitution. That's unlawful, arbitrary and capricious and because my placement in SHU occured at the same time (or there about) that I Filed this Section 1983 suit, I'm allowed to infer this, and other circumstantial evidence, to the court, alleging retaliation claims for the Courts to determine.

## Discovery Requests By Defendants

Price concedes that he was given "some" of the discovery he requested from the State Defendants. However, out of (16) Production Requests and (16) Interrogatories State Defendants made at least (65) objections stating a mere variety of reasons why — one stated "attorney-client" privilege many times. That's ironic seeing

how DCC/Law Library Services and the Department of Justice DAG Erika Tross can exchange detailed Knowledge about what legal mail or legal photocopies/motions to the Courts I wanted/requested be copied.

---

Last, at #17 in D.I. 79, counsel asserts "Price fails to put forth any good faith reasons or special circumstances for why he requires counsel at this time..." and why "Price does not need or require the appointment of legal counsel at this time..." And how "the Fourth motion to Appoint Counsel should be denied."

I emphatically urge the Court to the contrary. This Honorable Court could not be put on better notice of my "good faith reasons" as well as "special circumstances" for why I require counsel at this time.

If the Court grants my motion for counsel, he/she will be able to attain all the discovery necessary to prevail in this case. For example, in the State Defendants' discovery response they repeatedly asserted that the information/discovery I requested was protected from attorney-client privilege, vague, burdensome, and/or did not lead to the discovery of admissible evidence. Specifically at #4 in the General Objections section of D.I. 79 they state: "State Defendants object to the Discovery Requests to the extent they purport to require State Defendants to produce documents at the offices of Plaintiff's attorneys."

I know that there's information that a pro se plaintiff/prisoner is unable to attain, and it's evident that the State Defendants primary strategy in their response to my discovery request has been to object (at least 65 times), so they're being uncooperative.

10 of 12

A lawyer, skilled in the law, can be more persuasive, and effective.

Thus, with the DOC Policy/Practice of DCC copying all of my letters, legal letters. to the courts, legal materials, motions, etcetera — illegally — that in itself is a "special circumstance" and warrants appointment of counsel. It just is unfair that a Deputy Attorney General whose client is DCC can simply call over here and freely request a computer printout of everything I've been trying to do legal-wise. DCC, DOJ, CMS and their lawyers have all the money, all the power, all the legal know-how, and all of the "research ability"—and all of my legal strategy; plans recorded. They tell my every move to the DAG on demand. (Exhibit A).

From inmate paralegal responses;

11  OF  12

Photocopies of Legal Letters;
Letters to the Judge; (10/6/05 and 1/5/06)
Letters to lawyers;
They have dates/descriptions of everything I ask for.

Collectively, or cumulatively what's being done gives rise to a <u>Section 1985</u> Claim which I shall bring soon. It's unlawful and unethical.

Finally, counsel has every right to oppose my motion for counsel- or any motion for that matter- but the Court <u>has to see</u> what's being done is unconstitutional and unfair. Thus it is definitely within the purview of this Court to protect my rights equally and unequivocally. By that, I mean GRANT my Motion To Appoint Counsel please.

Respectfully Yours,

Lou G. Price, Sr. Pro Se.

Date: 8/3/07

# Exhibit A

attached is computer printout on D.I. 50 State Defendant Counsel attached to Third Smotion For Appointment of Counsel.

Plaintiff Circled pertinent parts.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-871-SLR |
| v. | ) | |
| | ) | |
| C/O LIEUTENANT TAYLOR, | ) | |
| NURSE CAROLE, NURSE KERA, | ) | Jury Trial Requested |
| WARDEN TOM CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | | |
| UNKNOWN DEPARTMENT OF | ) | |
| JUSTICE STATE DETECTIVES, | ) | |
| BETTY BURRIS, and CHRIS MALANEY, ) | | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS LIEUTENANT TAYLOR, WARDEN TOM CARROLL AND BETTY BURRIS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 50]

COMES NOW, the State Defendants, Lieutenant Ramon Taylor, Warden Tom Carroll, and Deputy Warden Betty Burris (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Third Motion For Appointment Of Counsel (the "Third Motion to Appoint Counsel") (D.I. 50). In support of the Response, the State Defendants state as follows:

1. Plaintiff Lou G. Price, Sr. ("Price" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). Price is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On December 15, 2005, Price filed a Complaint pursuant to 42 U.S.C. § 1983 against the State Defendants, as well as various medical defendants,

alleging, *inter alia*, that the defendants violated his constitutional rights by being deliberately indifferent to his medical needs. (D.I. 2).

3.    Less than two months after he filed his Complaint, Price filed his first motion to appoint counsel (D.I. 9) and an Amended Complaint adding further allegations against the defendants (D.I. 11). On March 2, 2006, the Court, in a Memorandum Order, dismissed Plaintiff's claims against CMS but granted him leave to file a second amended complaint. (D.I. 12). The Court also denied Plaintiff's first motion to appoint counsel holding that Price's "allegations are not of such a complex nature that representation by counsel is warranted at this time." Memorandum Order at 6. The Court further found that, "The various papers and pleadings submitted by plaintiff reflect an ability to coherently present his arguments." *Id.*

4.    On April 12, 2006, Price filed a twenty (20) page Second Amended Complaint detailing his allegations against the defendants, his alleged constitutional bases for recovery and his requested relief. (D.I. 13). The State Defendants filed an Answer to Plaintiff's Second Amended Complaint on September 21, 2006. (D.I. 29).

5.    On October 10, 2006, Price filed his second motion to appoint counsel. In his second motion to appoint counsel, Price again asserted that he should receive counsel because he is incarcerated and unskilled in the law and because the administration at DCC "limits the days and times that appellant is allowed access to the law library." (D.I. 37).

6.    State Defendants responded in opposition to Price's second motion to appoint counsel asserting that Price failed to meet the standard for appointment of

counsel because the facts in his case were not complex and he had demonstrated an ability to present his case. (D.I. 44). The Court has not yet ruled on Price's second motion to appoint counsel.

7.    On January 11, 2007, while his second motion to appoint counsel was still pending, Price filed the Third Motion to Appoint Counsel, at issue here. (D.I. 50).[1] In his Third Motion to Appoint Counsel, Price contends that the Court should appoint him counsel because he is incarcerated and unskilled in the law. Price also asserts that counsel is warranted because the "administration at DCC has completely severed his physical access to the law library for unknown reasons...." (D.I. 50 at 2, ¶ 3). This is State Defendants' Response in Opposition to Price's Third Motion to Appoint Counsel.

8.    The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting ... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

---

[1] Although Price's Third Motion to Appoint Counsel was filed on January 11, 2007, the State Defendants did not receive notice of Price's motion until January 16, 2007 when it was entered by the Court because Price continues to refuse to send State Defendants' attorney copies of the papers he files with the Court.

9.    In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.*

10.    In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

11.    In light of the *Tabron* factors and the reasons set forth in the State Defendants' Response In Opposition To Plaintiff's Second Motion For Appointment Of Counsel (D.I. 44), Price does not require the appointment of counsel at this time. The issues in Price's case are not complex. Moreover, Price is able to adequately present his case. Thus far he has filed an Original Complaint, a First Amended Complaint and a twenty (20) page Second Amended Complaint detailing his allegations and claims. In addition, Price has recently filed a forty-five (45) page answering brief in opposition to the medical defendant's motion to dismiss, with forty (40) pages of attached exhibits. (D.I. 51). In his answering brief, Price again sets forth his allegations and claims and provides numerous case citations supposedly supporting his allegations.

12.     Further, Price's claim that he has been denied access to the law library is false. As is evident from the law library usage report attached hereto, Price has been making, and continues to make, active use of DCC's law library. (Exhibit "A"). Although Price cannot physically attend DCC's law library because of his security status, he does have the opportunity to receive services from the law library staff through the use of mail. Price's law library usage report shows that over the course of the past year he has taken full advantage of the law library's services.

13.     Price's Third Motion to Appoint Counsel fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Price does not need or require the appointment of legal counsel at this time and the Third Motion to Appoint Counsel should be denied.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Third Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
     Attorney for the State Defendants

Dated: January 25, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-871-SLR |
| v. | ) |
| | ) |
| C/O LIEUTENANT TAYLOR, | ) |
| NURSE CAROLE, NURSE KERA, | ) Jury Trial Requested |
| WARDEN TOM CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICES, ) |
| UNKNOWN DEPARTMENT OF | ) |
| JUSTICE STATE DETECTIVES, | ) |
| BETTY BURRIS, and CHRIS MALANEY, ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Upon the Plaintiff's Third Motion For Appointment Of Counsel (D.I. 50) and State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Third Motion For Appointment Of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Third Motion For Appointment Of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on January 25, 2007, I caused a true and correct copy of the attached *State Defendants Lieutenant Taylor, Warden Tom Carroll And Betty Burris's Response In Opposition To Plaintiff's Third Motion For Appointment Of Counsel [Re: D.I. 50]* to be served on the following individuals in the form and manner indicated:

### VIA FIRST CLASS MAIL:
Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

### VIA ELECTRONIC DELIVERY:
Lorenza A. Wolhar, Esq.
Marshall, Dennehey, Warner,
  Coleman & Goggin
1220 N. Market St.
5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
lawolhar@mdwcg.com

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
Legal Services Administrator
Smyrna Landing Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6687


TO:        Michael Little
           Legal Services Administer


FROM:      Maria Lyons
           Staff Paralegal
           MHU Law Library


DATE:      January 22, 2007


REF:       Law Library Usage: Lou Price # 454309


From September 27, 2005 until January 10, 2006 Lou Price #454309 was housed in
MHU Bldg. 21 which is Security Lockdown. His requests for Legal Services were
handled by mail due to the status of this building. The following is a breakdown of the
services he received by mail during this period of time:

Number of Requests to MHU Law Library:        24

TABLE OF LAW LIBRARY REQUEST:  2005

| Cell Number | Date Requested | Date Items Sent | Description |
|---|---|---|---|
| C-L-9 | 9/27/05 | 9/27/05 | Response from I/M Paralegal |
| C-L-9 | 9/29/05 | 9/29/05 | Photocopies (Legal Letter) |
| C-L-9 | 10/6/05 | 10/6/05 | Photocopies (Letter to Judge), Cases (+5) |
| C-L-9 | 10/11/05 | 10/11/05 | Inmate Grievance Procedure, Addresses, Court Forms (1983, Writ Mand.) |
| C-L-9 | 10/14/05 | 10/20/05 | Photocopies, Court Forms (Power of Attorney), Addresses, Staff P/L Response, |
| C-L-9 | 10/24/05 | 10/24/05 | Response from I/M Paralegal, Court Forms (1983) |
| C-L-9 | 11/1/05 | 11/1/05 | Photocopies, Court Forms (Writ Man.) |
| C-L-9 | 11/4/05 | 11/4/05 | Photocopies |
| C-L-9 | 11/4/05 | 11/4/05 | Cases (+2) |
| C-L-9 | 11/9/05 | 11/9/05 | Photocopies |
| C-L-9 | 11/14/05 | 11/14/05 | Staff Paralegal Response, Addresses |
| C-L-9 | 11/15/05 | 11/15/05 | Staff Paralegal Response |
| C-L-9 | 12/1/05 | 12/1/05 | Staff Paralegal Response (Copying of items as exhibits) |
| C-L-9 | 12/7/05 | 12/7/05 | Photocopies, Court Forms |
| C-L-9 | 12/08/05 | 12/12/05 | Cases (+5), Inmate Paralegal Response, Search List |
| C-L-9 | 12/15/05 | 12/15/05 | ABA Standards |
| C-L-9 | 12/19/05 | 12/19/05 | I/M Paralegal & Staff Paralegal Response |
| C-L-9 | 12/27/05 | 12/27/05 | Cases (+2), I/M Paralegal Resp., GTLJ, Court Forms |
| C-L-9 | 12/28/05 | 12/28/05 | Cases (+4), photocopies (transcript) |
| C-L-9 | 1/3/06 | 1/3/06 | Cases (+4), I/M Paralegal Response, Result List |
| C-L-9 | 1/5/06 | 1/5/06 | Photocopies (Letter to Judge), Cases (+5), Staff P/L Response, T 11 s. 271 |
| C-L-9 | 1/6/06 | 1/6/06 | Cases (+3) |
| C-L-9 | 1/9/06 | 1/9/06 | Photocopies, I/M Paralegal Response, Cases (+5) |
| C-L-9 | 1/10/06 | 1/10/06 | Title 11 s. 232, 301, 306, 307, 421,632, 635 |

Photocopy Requests:          **2005**

        Number of Requests  =     10
        Number of Pages      = 1056

| MONTH | REQUESTS | #PAGES |
|-------|----------|--------|
| September | 1 | 4 |
| October | 1 | 83 |
| November | 3 | 650 |
| December | 5 | 319 |

Notary Service:                          **3**

        October 12, 2005
        November 21, 2005 – Notary Service Refused
        December 22, 2005

**\*\*\*\* January 11, 2006 – MHU Law Library is notified; in writing, by Inmate Price # 454309 that he has been transferred from MHU Bldg. 21 C-L-9 to MHU Bldg. 22 A-L-11 and requests to be scheduled for Law Library Appointments. Inmate Price scheduled to attend his first law library appointment on January 16, 2006.**

The following is a breakdown of legal activities for Inmate Lou Price # 454309 for the time period of Jan 16, 2006 – December 18, 2006

Scheduled Law Library Appointment =  74
Did not show for Scheduled Appointments = 10

| Month | # of Appts. | # of No Shows |
|-------|-------------|---------------|
| January | 4 | 0 |
| February | 7 | 3 |
| March | 6 | 0 |
| April | 6 | 1* |
| May | 5 | 2* |
| June | 7 | 0 |
| July | 7 | 1 |
| August | 9 | 1 |
| September | 7 | 4* |
| October | 7 | 3* |
| November | 5 | 0 |
| December | 4 | 1* |

- Psychologist Appointment
- Infirmary
- On 9/26/06 Transferred to Bldg. 23 A-U-4. Unable to attend to 2 appt's due to building move.
- On 10/23/06 Bldg. 23 did not send A Tier Inmates for Law Library.
- On 12/18/06 MHU Complex went to by mail only legal services due to Staff Shortages.

Number of Photocopy Requests = 37
Number of pages copied = 7,448

| Month | # of Requests | # of Pages |
|-----------|---------------|------------|
| January | 3 | 922 |
| February | 2 | 48 |
| March | 1 | 6 |
| April | 2 | 292 |
| May | 4 | 2736 |
| June | 6 | 873 |
| July | 6 | 1217 |
| August | 6 | 669 |
| September | 1 | 75 |
| October | 1 | 68 |
| November | 4 | 522 |
| December | 1 | 20 |

He also requested and received Notary Service on the following dates:

March 22, 2006

The following is a breakdown of legal services received by mail from the 12/18/06 change to legal services by mail to present:

| Cell | Date Rec'd | Date Mailed | Description |
|----------|----------|----------|------------------------------------------|
| 23 A-U-4 | 12/18/06 | 12/18/06 | Cases (+5) |
| 23 A-U-4 | 12/19/06 | 12/19/06 | Cases (+5), Search List |
| 23 A-U-4 | 12/20/06 | 12/20/06 | Cases (+3) |
| 23 A-U-4 | 12/29/06 | 12/29/06 | PSHLM pgs 1-201, Addresses |
| 23 A-U-4 | 1/3/07 | 1/5/07 | Guide to Rules of Litigation (TOC) |
| 23 A-U-4 | 1/4/07 | 1/8/07 | Cases (+1), Shepard Cites (+1) |
| 23 A-U-4 | 1/8/07 | 1/9/07 | Cases (+6), 42 USCA 1997e |
| 23 A-U-4 | 1/18/07 | 1/19/07 | Photocopies (Interrogatories) (55 pgs) |

## Briefs, Responses and Replies

1:05-cv-00871-SLR Price v. Taylor et al

PaperDocuments

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Tross, Erika on 1/25/2007 at 12:30 PM EST and filed on
1/25/2007

**Case Name:**      Price v. Taylor et al
**Case Number:**   1:05-cv-871
**Filer:**              Betty Burris
                       Tom Carroll
                       Taylor

**Document Number:** 54

**Docket Text:**
RESPONSE to Motion re [50] MOTION to Appoint Counsel *(State Defendants' Lt. Taylor, Warden
Tom Carroll and Betty Burris's Response in Opposition to Plaintiff's 3rd Motion for Appointment of
Counsel)* filed by Taylor, Betty Burris, Tom Carroll. (Attachments: # (1) Exhibit A)(Tross, Erika)

**1:05-cv-871 Notice has been electronically mailed to:**

Erika Yvonne Tross      Erika.Tross@state.de.us

Lorenza Anna Wolhar     lawolhar@mdwcg.com, dtwalsh@mdwcg.com, taazara@mdwcg.com,
vvnicotra@mdwcg.com

**1:05-cv-871 Notice has been delivered by other means to:**

Lou Garden Price, Sr
SBI# 454309
Delaware Correctional Center
1181 Paddock Rd.
Smynra, DE 19977

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/25/2007] [FileNumber=333578-0]
[587db9acc432f49b862d134ff6eb2c5743fac68ad24949dd991c9ea0bede83fd519c

a7c186f13bc788780cd628534bb65e748700f19ab3ac6b627c63b1aa4cf7]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/25/2007] [FileNumber=333578-1]
[8d1ae749214ce71f28983e77671bb23c8dfd035bfc3dd0adde4ace3bd8353f7b6d59
bb9b1f7ba110c71e69451fae9171bac395ae5850e5fc29734608a14f148e]]

# Certificate of Service

I Lou Price, Sr, certify that on 8/8/07 I caused two true copies of Plaintiff's Response To State Defendants' Opposition To Plaintiff's Fourth Motion For Appointment of Counsel to be served on the following individuals in the form and manner indicated:

Via First Class Mail To:

Erika Y. Tross, Esq.
De. Dpt of Justice
820 N. French St 6 Fl.
Wilmington, De 19801

Judge Sue L. Robinson
U.S. Dist. Ct. Del.
U.S. Courthouse
Wilmington De.
19801

Lorenza Wolhar, Esq.
1220 N. Market St. 5th A
P.O. Box 8888
Wilmington De 19899-8888

8/8/07

Lou G. Price, Sr.
Dcc - Smyrna, De. 19977

IM Lou G. Price, Sr

SBI# 454309 UNIT 23

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977





U.S. District Court

844 King St    Judge Sue L. Robinson

U.S. Courthouse

Wilmington, De

19801

Cv no. 05-871-SLR