In The United States District Court For
The District of Delaware

Lou G. Price, Sr.
   Plaintiff,

v.

Taylor et al.
   Defendants.

C.A. No. 05-871-SLR

Jury Trial Requested

FILED
AUG 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Supplement To Plaintiff's Fourth Motion For Appointment of Counsel And A Motion To Compel State Defendants For Discovery

   I Lou G. Price, Sr., respectfully request that this Honorable Court please treat this letter as a Motion To Compel and a Motion (Supplement) To my Fourth Motion To Appoint Counsel.
   As this Court is aware, counsel for the State Defendants prepared and sent to me "State Defendants' Responses To Plaintiff's Combined Second Set of Interrogatories And Requests For Production of Documents Directed To The Defendants of DCC."

My reasoning for writing/addressing the Court in this manner (as a Supplement to my Fourth Motion For Counsel AND a Motion To Compel, simultaneously) is because I know the Court will be better able to decide my need based on basic straight-to-the-point reasoning.

In my Fourth Motion For Appointment of Counsel I demonstrated my need for counsel based on my inability to gather discovery due to counsel's apparent position to be uncooperative in relinquishing the material requested; AND I've already demonstrated - with this Court's recent (July) Opinion to keep CMS a party to this Action - that I have a reasonable likelihood to succeed on the merits of the case. Plus, I even alluded to the fact that there may exist sensitive information that - as a prisoner - I "cannot" have but [my] attorney may, (e.g. private information yet relevant to my case's success; employee's address info, DOC files, etc). So far... Counsel has denied the majority of discovery I've requested and I've been as reasonable as I could. I need to gather my evidence and they're denying me that.

Now, in my Second Set of Interrogatories/Request For Production of Documents to the Defendants for the State, the answers are similar. For example, I've stated over and over that the correction lieutenant who accompanied myself, and the two State Detectives (Forbes/Drman) was a tall <u>White</u> male but throughout these proceedings counsel continues to represent that the Lieutenant Taylor I'm suing is <u>Ramon</u> Taylor. I never agreed to that nor have I moved this Court to change the caption. Why? Ramon Taylor is a <u>Black</u> male Staff Lieutenant.

So I requested in "Production Request #1" to Counsel "release the identity of the DCC-DOC employee who assisted State Detectives Forbes/Drman in the September 21, 2005 transfer of [Lou Price] From Camp Hill to DCC," (in case I have a wrong name).

Counsel said I "already had that information". That is <u>not</u> <u>true</u>. I even asked in "#2" of the same document for the Defendants/Counsel to release the name of

3

"the DDOC employee who was assigned to assist" in the transfer (aside from the two State Detectives) and I got the same objection/response.

Instead of wasting the Court's time by itemizing each response from the State Defendants I will attach them as "Exhibit A" for review. I'm not going to send a volley of Motions at the Court as if this were a [GAME] of volleyball. I'll remain reasonable.

I will however urge this Honorable Court to note that the only thing given to me by way of a discovery answer to my current requests was a Housing Rule Book for SMHU at DCC, an unreasonable, sarcastic response (being that counsel knows I have it already).

The pertinent "meat" of what I'm getting at is that Counsel should be appointed at this juncture because of the facts previously demonstrated. As a pro se litigant, I don't know how other than to ask for what I "feel" I'll need to be effective at trial. I've done that,

4

to no avail. The Court cannot allow opposing counsel/State Defendants to <u>substitute a defendant</u> for someone I know for a fact was not with me during the transfer on 9/21/05. They keep saying "Ramon Taylor." Ramon Taylor is a <u>Black</u> male. The officer I'm talking about — who accompanied Forbes/Durnan and me 9/21/05 — is a <u>White</u> male.

    The Court cannot allow State Defendants/Counsel to deem what discovery is admissible evidence or allow them to hide everything I ask for behind 11 Del. § 4322 (disclosure). I asked for reasonable discovery that I believe will enhance the likelihood of a <u>successful</u> trial which I have a right to — and a <u>Fair</u> trial.

    I understand that counsel has the duty to represent their client — State Defendants — but I have a right to fair treatment as well. Not underhandedness by the opposition.

Please Grant this Motion To Compel Discovery and the Motion before this Honorable Court to Appoint Counsel.

Respectfully Submitted,

8/14/07

Signed: *Lou G. Price, Sr.*

Lou G. Price, Sr.
Pro Se
DCC Smyrna, De
19977

## Certificate of Service

I Lou G. Price, Sr. hereby certify that on August 14th, 2007 I caused a copy of the attached "Supplement To Plaintiff's Fourth Motion For Appointment of Counsel And A Motion To Compel State Defendants For Discovery" to be served on:

Via First Class Mail
U.S. District Court Clerk
844 N. King St.
Lockbox 18
Wilmington, De 19801

Via First Class Mail
Erika Y. Tross, Esq.
820 N. French St, 6 Fl.
Wilmington, De 19801

Via First Class Mail
Lorenza Wolhar, Esq.
1220 N. Market St 5 Fl.
P.O. Box 8888
Wilmington, De 19899-8888

sign x _Lou G. Price_
Lou G. Price, Sr.
DCC Smyrna De.

Date: 8/14/07



Jon Y. Price Jr.
SBI# 454309  UNIT 23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

U.S. District Ct. Clerk - Delaware
J.S. Courthouse
844 N. King St. Lockbox 18
Wilmington, De
            19801