"Exhibit A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-871-SLR |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL, ) | |
| SERVICES, DCC WARDEN ) | Jury Trial Requested |
| TOM CARROLL, C.O. LIEUTENANT ) | |
| TAYLOR, CAROLE KOZAK, ) | |
| MARK FORBES, ROBERT DURNAN, ) | |
| CHRIS MALANEY, and BETTY BURRIS, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSES TO
PLAINTIFF'S COMBINED SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO THE DEFENDANTS OF DCC/DOC [RE: D.I. 78]**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, State Defendants Warden Thomas Carroll, Deputy Warden Betty Burris, and Lieutenant Ramon Taylor (the "State Defendants") hereby respond to Plaintiff's Combined Second Set Of Interrogatories And Requests For Production Of Documents Directed To The Defendants Of DCC/DOC (D.I. 78) (the "Discovery Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. State Defendants object to the Discovery Requests to the extent they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. State Defendants object to the Discovery Requests to the extent they seek information not in State Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. State Defendants object to the Discovery Requests to the extent they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. State Defendants object to the Discovery Requests to the extent they purport to require State Defendants to produce documents at the offices of Plaintiff's attorneys.

5. State Defendants object to the Discovery Requests to the extent they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

6. State Defendants object to the Discovery Requests to the extent they are vague, ambiguous, or otherwise incomprehensible.

7. State Defendants object to the Discovery Requests to the extent they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

8. In providing responses to these Discovery Requests, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

9. State Defendants' assertion that they will produce documents in response to a particular request is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that State Defendants will make available for inspection and copying responsive, nonprivileged documents within their possession, custody or control should any such documents be located after a reasonably diligent search.

10. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Discovery Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**PRODUCTION REQUEST NO. 1:** Release the identity of the DOC-DCC employee who assisted State Detectives Mark Forbes and Robert Durnan in the September 21, 2005 transfer of Plaintiff from SCI-Camp Hill Prison to Delaware Correctional Center.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it requests information already in the possession, custody or control of Plaintiff. Subject to and without waiver of the foregoing general and specific objections, State Defendants will produce relevant, nonprivileged documents responsive to this request to the extent such documents exist.

**PRODUCTION REQUEST NO. 2:** Release the name of the DDOC employee who was assigned to assist the Delaware Dept. of Justice State Detectives in picking up Plaintiff Price from PDOC and bring to DCC on September 21, 2005.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it requests information already in the possession, custody or control of Plaintiff. Subject to and without waiver of the foregoing general and specific objections, State Defendants will produce relevant, nonprivileged documents responsive to this request to the extent such documents exist.

**PRODUCTION REQUEST NO. 3:** Release the U.S. Department of Justice investigation findings (12/29/06) regarding the constitutional violations stemming from the poor medical care of CMS, Inc. during their tenure in DCC and all Delaware prisons.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendants state that no such documents exist.

**PRODUCTION REQUEST NO. 4:** Release any and all DDOC "memorandum agreements" made with the U.S. Dept. of Justice regarding DCC-prisoner medical care

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendants state that no such documents exist.

**PRODUCTION REQUEST NO. 5:** Release DCC Rules, Regulations and DOC-DCC facility policy (sick-call, medical diets, and general policy re: prisoners).

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this request on grounds that it requests documents protected from disclosure by 11 *Del. C.* § 4322. Subject to and without waiver of the foregoing general and specific objections, State Defendants produce and attach hereto DCC's Inmate Housing Rules for Medium High Security, Bates stamped D00285 – D00321.

**PRODUCTION REQUEST NO. 6:** Release policy in force during 9/21/05 regarding physical/transfer restraint of prisoners by Dept. of Justice State Detectives who are transferring a post-operative prisoner.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this request on grounds that it requests documents protected from disclosure by 11 *Del. C.* § 4322.

- 7 -

**PRODUCTION REQUEST NO. 7:** Release DDOC policy in force during 9/21/05 regarding physical/transfer restraints of prisoners by transfer personnel who are transferring a post-operative prisoner.

**RESPONSE:** State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this request on grounds that it requests documents protected from disclosure by 11 *Del. C.* § 4322.

[Remainder of page intentionally left blank.]

**PRODUCTION RESPONSE NO. 8:**   Release to Plaintiff the contract agreement CMS, Inc. has with the DDOC-DCC regarding prisoner medical care.

**RESPONSE:**   State Defendants incorporate by reference the foregoing general objections and further object to this request on grounds that it is overly broad and unduly burdensome. State Defendants also object to this request on grounds that the documents requested are neither relevant to the issues raised in the Complaint nor reasonably calculated to lead to the discovery of admissible evidence. State Defendants further object to this request on grounds that it requests documents protected from disclosure by 11 *Del. C.* § 4322.

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
   Attorney for the State Defendants

Dated: August 6, 2007