IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-871-SLR |
| ) | |
| C/O LIEUTENANT TAYLOR, NURSE ) | JURY TRIAL REQUESTED |
| CAROL, NURSE KERA, WARDEN ) | |
| TOM CARROLL, CORRECTIONAL ) | |
| MEDICAL SERVICES, UNKNOWN ) | |
| DEPARTMENT OF JUSTICE (DE) ) | |
| STATE DETECTIVE 1, UNKNOWN ) | |
| DEPARTMENT OF JUSTICE (DE) ) | |
| STATE DETECTIVE 2, BETTY ) | |
| BURRIS, MAJOR HOLMAN, CHRIS ) | |
| MALANEY, and PROFACI, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF CORRECTIONAL MEDICAL SERVICES TO COMBINED SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEFENDANTS, (CMS)**

**GENERAL OBJECTIONS**

Defendant makes the following General Objections ("General Objections") to the Plaintiff's **COMBINED SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** to Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

1. Defendant objects to each Request to the extent that it seeks to impose an obligation or burden on Defendant beyond that required by Fed R. Civ. P. 26. Defendant will respond to each Request to the extent required by applicable rules.

2. Defendant objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

3.      Defendant objects to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendant object to each Interrogatory where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

4.      Defendant objects to each Request to the extent that it seeks information that is not within the personal knowledge of defendant, or that may be outside the time period relevant to the subject matter of this lawsuit.

5.      Defendant objects to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

6.      Defendant objects to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendant to incur any unnecessary expense.

7.      Defendant objects to each Request to the extent that it is vague and/or ambiguous.

## PRESERVATION OF RIGHTS

All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1.      All questions as to competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

2.      The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

3.      The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

4.      The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

Defendant incorporates the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

Responses to Request for Production of Documents

1. Release to plaintiff the full name of a Nurse "Kera" who was a nurse under your employ during September 21, 2001 and at least until December of 2005.

Response:

Objection. This Interrogatory is overly broad and vague. Notwithstanding these objections and subject to them, please refer to response of Correctional Medical Services to Combined Initial Set Of Interrogatories And Requests For Production, number 12.

2. Release to plaintiff a list of all female nurses who passed medication out in Building 21-MHU during September 21, 2005 and until at least December 2005.

Response:

Objection. This Interrogatory is overly broad, unduly burdensome, vague and irrelevant. Further, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and implicates federal confidentiality and privacy laws.

3. CMS-DOC policy or policies regarding emergency sick-call requests and procedures.

Response:

Objection. This Request is overly broad and vague. Further, this Request seeks confidential and/or proprietary information.

4. U.S. Department of Justice Investigation findings regarding constitutional violations stemming from the poor medical care of CMS, Inc. in the Delaware DOC during CMS' tenure in DDDC, Release to plaintiff.

Response:

Objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears to implicate the peer review privilege.

5.  Release to plaintiff the contract agreement CMS, Inc. has with DDOC-DCC regarding prisoner care, (medical care).

Response:

Objection. This Request is overly broad, unduly burdensome, vague and irrelevant. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and/or proprietary information.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN AND GOGGIN

BY:   /s/ Lorenza Wolhar
       LORENZA A. WOLHAR, (DE ID # 3971)
       1220 N. Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE 19899-8888
       (302) 552-4300
       Attorneys for Correctional Medical Services

DATED: August 23, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 23, 2007, I electronically filed the Answers of Correctional Medical Services To Combined Second Set of Interrogatories And Requests For Production of Documents Directed to The Defendants, (CMS) with the Clerk of the Court using CM/ECF and served the following registered participant:

Erika Yvonne Tross
Deputy Attorney General
Department of Justice
820 N French Street
Wilmington, DE 19801

I hereby certify that on August 23, 2007, I have mailed by United States Postal Service, the Answers of Correctional Medical Services to Combined Second Set of Interrogatories And Requests For Production of Documents Directed to The Defendants, (CMS) to the following non-registered participant:

Lou Garden Price, Sr., SBI# 454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                    MARSHALL, DENNEHEY, WARNER,
                                    COLEMAN AND GOGGIN

                    BY:    /s/ Lorenza Anna Wolhar
                                    LORENZA A. WOLHAR, (DE ID # 3971)
                                    1220 N. Market Street, 5th Floor
                                    P.O. Box 8888
                                    Wilmington, DE 19899-8888
                                    (302) 552-4300
                                    Attorneys for Correctional Medical Services

DATED: August 23, 2007