IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-871-SLR |
| v. | ) | |
| | ) | |
| C/O LIEUTENANT TAYLOR, | ) | |
| NURSE CAROLE, NURSE KERA, | ) | Jury Trial Requested |
| WARDEN TOM CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| MARK FORBES, ROBERT DURNAN, | ) | |
| BETTY BURRIS, and CHRIS MALANEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS MARK FORBES AND ROBERT DURNAN
TO THE SECOND AMENDED COMPLAINT**

1.  The allegations state legal conclusions to which no response is required.

2.  The allegations state legal conclusions to which no response is required.

3.  Answering defendants admit that Plaintiff entered the Delaware Correctional Center on September 21, 2005 to serve a life sentence plus twenty (20) years for Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. Defendants deny each and every allegation of paragraph 3 of the Second Amended Complaint not specifically admitted herein.

4.  Defendants admit that Lieutenant Ramon Taylor is a Staff Lieutenant employed at the Delaware Correctional Center ("DCC"). Defendants also admit that Lieutenant Taylor was employed at DCC on September 21, 2005 and was a

member of the CERT team on that date. Defendants specifically deny that Lieutenant Taylor transported the Plaintiff from Pennsylvania to Delaware. Defendants deny each and every allegation of paragraph 4 of the Second Amended Complaint not specifically admitted herein.

5. Admitted only that Mark Forbes and Robert Durnan are employed as detectives by the Department of Justice, State of Delaware. The balance of the averment is denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of the Second Amended Complaint and, therefore, deny same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of the Second Amended Complaint and, therefore, deny same.

8. Defendants admit that Tom Carroll is the Warden of DCC. Defendants deny each and every allegation of paragraph 8 of the Second Amended Complaint not specifically admitted herein.

9. Defendants admit that Betty Burris is the Deputy Warden of DCC. Defendants deny each and every allegation of paragraph 9 of the Second Amended Complaint not specifically admitted herein.

10. Defendants admit that Staff Lieutenant Profaci is an employee at DCC. Defendants deny each and every allegation of paragraph 10 of the Second Amended Complaint not specifically admitted herein. By way of further response, Defendants state that Staff Lieutenant Profaci has been dismissed from this action.

11. Defendants admit that Major Holman is an employee at DCC. Defendants deny each and every allegation of paragraph 11 of the Second Amended Complaint not specifically admitted herein. By way of further response, Defendants state that Major Holman has been dismissed from this action.

12. The allegations of paragraph 12 of the Second Amended Complaint state legal conclusions to which no response is required.

13. Defendants admit that Plaintiff was transferred from the custody of a Pennsylvania prison to the custody of the Delaware Department of Corrections to serve a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. Defendants deny each and every allegation of paragraph 13 of the Second Amended Complaint not specifically admitted herein.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 15 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required Defendants specifically deny any wrongdoing.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 of the Second

Amended Complaint and, therefore, deny same. By way of further response Defendants state that Plaintiff is a violent offender serving a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. Defendants specifically deny any wrongdoing.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 17 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required Defendants specifically deny any wrongdoing.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 19 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants

state that Plaintiff is a violent offender serving a life sentence plus twenty (20) years for murder in the first degree and possession of a firearm during the commission of a felony. Defendants specifically deny any wrongdoing.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

24. The allegations of paragraph 24, including subparts (a) through (g), of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

25. This paragraph is directed to another party. As such, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25 of the Second Amended Complaint and, therefore, deny same. By way of further response, these Defendants specifically

deny any wrongdoing.

26. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27 of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 27 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

28. Defendants deny that they left Plaintiff to suffer substantially with no proper medical attention or exam. Defendants assert that the remainder of paragraph 28 is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Second Amended Complaint and, therefore, deny same. By way of further response Defendants specifically deny any wrongdoing.

29. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 of the Second Amended Complaint and, therefore, deny same. Defendants specifically deny that they violated Plaintiff's Eighth Amendment rights. Defendants also deny any wrongdoing.

30. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30 of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

31. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

32. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32 of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

33. (a) Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33(a) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

(b) Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33(b) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

34.    (a) Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34(a) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

(b) Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34(b) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

35.    (a) This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(a) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

(b) This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(b) of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

(c) This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(c) of the Second Amended Complaint

and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

(d) Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35(d) of the Second Amended Complaint and, therefore, deny same. By way of further response the allegations of paragraph 35(d) of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

36. The allegations of paragraph 36 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

37. The allegations of paragraph 37 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

38. Answering Defendants deny the allegations of paragraph 38 of the Second Amended Complaint.

39. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first sentence of paragraph 39 of the Second Amended Complaint and, therefore, deny same. Defendants deny the allegations asserted in the second sentence of paragraph 39. By way of further response, Defendants specifically deny any wrongdoing.

40. Answering Defendants deny that CMS and its medical staff are employees of DCC. By way of further response, the allegations of paragraph 40 of the

Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

41. This paragraph is directed to another party. As such, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 41 of the Second Amended Complaint and, therefore, deny same. By way of further response, Defendants specifically deny any wrongdoing.

42. The allegations of paragraph 42 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

43. The allegations of paragraph 43 (this Paragraph is incorrectly numbered by Plaintiff as paragraph 42) of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants specifically deny any wrongdoing.

WHEREFORE, the answering defendants deny that the plaintiff is entitled to the relief requested.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against the answering Defendants in their official capacities, these Defendants and the State are protected from

liability by the doctrine of sovereign immunity.

4. The answering Defendants are entitled to qualified immunity.

5. As to any claims under state law, the answering Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

6. To the extent the Plaintiff seeks to hold the answering Defendants liable based on supervisory responsibilities, the Doctrine of respondeat superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

7. The answering Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

8. This action and all claims are barred, in whole or in part, by the applicable statute of limitations or any other statutorily-required administrative time constraints.

9. Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. Answering Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. The Plaintiff's claims are barred by his contributory negligence.

12. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13. Plaintiff fails to state a claim against answering defendants for failure to train and maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against answering Defendants for

violation of the Eighth Amendment.

15. Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the answering Defendants.

16. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

17. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

18. Insufficiency of service of process.

19. Insufficiency of process.

20. Lack of jurisdiction over the person and subject matter.

WHEREFORE, the answering Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Second Amended Complaint in its entirety as to Mark Forbes and Robert Durnan; (ii) awarding the answering Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Ralph K. Durstein*
Ralph K. Durstein (#0912)
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Mark Forbes and Robert Durnan

Dated: September 17, 2007

# **CERTIFICATE OF SERVICE**

I, Ralph K. Durstein, Esq., hereby certify that on September 17, 2007, I caused a true and correct copy of the attached *Answer To The Second Amended Complaint by Defendants Mark Forbes and Robert Durnan* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Lou Garden Price, Sr.
SBI #00454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

/s/ Ralph K. Durstein
Ralph K. Durstein (#0912)
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorney for Mark Forbes and Robert Durnan