**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **LOU GARDEN PRICE, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 05-871-SLR** |
| | ) | |
| **C/O LIEUTENANT TAYLOR, NURSE** | ) | **TRIAL BY JURY DEMANDED** |
| **CAROL, NURSE KERA, WARDEN** | ) | |
| **TOM CARROLL, CORRECTIONAL** | ) | |
| **MEDICAL SERVICES, UNKNOWN** | ) | |
| **DEPARTMENT OF JUSTICE (DE)** | ) | |
| **STATE DETECTIVE 1, UNKNOWN** | ) | |
| **DEPARTMENT OF JUSTICE (DE)** | ) | |
| **STATE DETECTIVE 2, BETTY** | ) | |
| **BURRIS, MAJOR HOLMAN, CHRIS** | ) | |
| **MALANEY, and PROFACI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

ANSWER OF CORRECTIONAL MEDICAL SERVICES TO PLAINTIFF'S SECOND
AMENDED COMPLAINT [D.I. 13]

Jurisdiction

1.      The allegations in paragraph 1 contains a legal conclusion, to which no response

is required from Correctional Medical Services, Inc. (hereinafter "Answering Defendant").

2.      The allegations in paragraph 2 contains a legal conclusion, to which no response

is required from Answering Defendant.

Parties

3.      Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of this paragraph of the Second Amended Complaint.

4.      Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments of this paragraph of the Second Amended Complaint.

5.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint.

6.      Admitted that Correctional Medical Services, Inc. is a private corporation that has been providing medical care to inmates at DCC since July 1, 2005.  It is denied that Nurses Carol and Kera are currently employed at DCC by Correctional Medical Services, Inc. Otherwise denied.

7.      Denied.

8.      The allegations in this paragraph appear to be directed to another defendant,, and, as such, no response is required by Answering Defendant.  To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

9.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint and, therefore, deny the same.

10.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint and, therefore, deny the same.

11.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint and, therefore, deny the same.

12.      The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering

Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering

Defendant.

<u>FACTS (AND AMENDMENT OF DECEMBER 3RD 2005 COMPLAINT)</u>

13.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

14.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

15.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

16.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

17.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

18.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

19.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

20.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

21.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

22.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint, and, therefore, deny the same.

<u>Denial of Medical Care at D.C.C.</u>

23.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

24 (a)-(g) The allegations in this paragraph, and each and every subpart, contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

25.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering

Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

26.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

27.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

28.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

29.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

30.    Denied.

31.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

32.    The allegations in this paragraph  contains legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

### Delayed Medical treatment

33(a) –(b).    Denied.

### Denied Medical Treatment

34(a)-(b).    Denied.

### Violation of 8th Amendment Rights (U.S.C.)

35(a)-(d).    Denied.

### Further Relief Claims

36.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

37.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

38.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint and, therefore, deny the same.

39.    Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Second Amended Complaint and, therefore, deny the same.

40.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

41.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

42.    The allegations in this paragraph contain legal conclusions, to which no response is required from Answering Defendant. To the extent that a response is required by Answering Defendant, allegations of wrongdoing, whether express or implied, are denied by Answering Defendant.

42[sic].    Denied.

## Relief Requested

43(A)(1-3).    Denied that plaintiff is entitled to relief claimed.

43(B)(1-3).    Denied that plaintiff is entitled to relief claimed.

43(C)(1).    Denied that plaintiff is entitled to relief claimed.

43(D)(1-3).    Denied that plaintiff is entitled to relief claimed.

43(E)(1-3).    Denied that plaintiff is entitled to relief claimed.

43(F)    Denied.

Answering defendant denies each and every allegation of plaintiffs' second amended complaint, not specifically admitted herein.

WHEREFORE, Defendant, Correctional Medical Services, hereby requests that all claims against it be dismissed with prejudice, that judgment be entered in favor of Defendant, Correctional Medical Services, that all fees and costs associated with this action be assessed against plaintiff and in favor of Defendant, Correctional Medical Services, and that this Court grant Defendant, Correctional Medical Services, any other relief it deems proper and just.

## DEFENSES AND AFFIRMATIVE DEFENSE

1.      Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff was not deprived of any civil or constitutional rights or protection by Answering Defendant.

3.      Answering Defendant at all times material to plaintiff's Second Amended Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that its actions were lawful and not in violation of the rights of plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

4.      Answering Defendant, at all times material to plaintiff's Second Amended Complaint, were not in violation of plaintiff's rights under the United States Constitution, Delaware Constitution or the laws of the United States or the laws of the State of Delaware.

5.      Plaintiff did not experience a deliberate indifference to a serious medical need.

6.      Plaintiff's claims do not rise to the level of deprivation of civil or constitutional rights.

7.    Answering Defendant, did not recklessly, maliciously, willfully, or intentionally commit any wrongful acts or omissions causing injury to the plaintiff and, in the absence of such conduct, there can be no liability on the part of Answering Defendant on the facts of this case.

8.    Plaintiff received appropriate and competent medical care and treatment from Answering Defendant.

9.    Answering Defendant is otherwise entitled to the defense of immunity.

10.    Answering Defendant is not responsible for persons, events, circumstances or conditions reasonably beyond their control.

11.    Plaintiff's claims are barred or limited by the provisions contained in the United States Civil Rights Act.

12.    Plaintiff has failed to exhaust administrative remedies.

13.    Plaintiff's claims may otherwise be barred by 28 U.S.C.A § 1915

14.    Plaintiff's claims may be barred and/or reduced by the plaintiff's own contributory or comparative negligence.

15.    The plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

16.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

17.    Plaintiff's alleged conditions did not constitute a serious medical need.

18.    Plaintiff failed to comply with the mandates of 18 Del. C. § 6853.

19.    Plaintiff failed to mitigate his alleged injuries and damages.

20.    Plaintiff is not a third party beneficiary of any alleged contract.

21.    Plaintiff's claims are barred or otherwise limited by the doctrine of sovereign immunity, qualified immunity and/or pursuant to 10 <u>Del. C.</u> § 4001 et seq.

22.    *Respondeat superior* and/or vicarious liability is not a basis for liability in an action under 42 U.S.C. § 1983.

23.    Answering Defendant is not a "person" within the meaning of 42 U.S.C. § 1983.

24.    Insufficiency of process and/or service of process.

WHEREFORE, Defendant, Correctional Medical Services, hereby requests that all claims against it be dismissed with prejudice, that judgment be entered in favor of Defendant, Correctional Medical Services, that all fees and costs associated with this action be assessed against plaintiff and in favor of Defendant, Correctional Medical Services, and that this Court grant Defendant, Correctional Medical Services, any other relief it deems proper and just.

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY: *Lorenza Wolhar*
LORENZA A. WOLHAR, (DE ID # 3971)
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
(302) 552-4300
Attorneys for Correctional Medical Services

DATED:  September 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2007, I electronically filed the Answer of Defendant, Correctional Medical Services, to Plaintiff's Second Amended Complaint with the Clerk of Court using CM/ECF.

Erika Yvonne Tross
Deputy Attorney General
Department of Justice
820 N French Street
Wilmington, DE  19801


I hereby certify that on September 27, 2007, I have mailed by United States Postal Service, the Answer of Defendant, Correctional Medical Services, to Plaintiff's Second Amended Complaint to the following non-registered participant:

Lou Garden Price, Sr., SBI# 454309
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:  /s/  Lorenza Anna Wolhar
LORENZA A. WOLHAR, (DE ID # 3971)
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
(302) 552-4300
Attorneys for Correctional Medical Services