IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOU GARDEN PRICE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-871-SLR |
| | ) |
| C/O LIEUTENANT SCOTT TAYLOR, | ) |
| CAROL KOZAK, NURSE KIRA | ) |
| HARGAN, WARDEN TOM CARROLL, | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, MARK FORBES, ROBERT | ) |
| DURNAN, BETTY BURRIS, and | ) |
| CHRIS MALANEY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 3rd day of January, 2008, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel (D.I. 79) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. This is plaintiff's fourth motion for appointment of counsel. The previous three motions were denied without prejudice. (D.I. 12, 67) Defendants oppose the motion, arguing that plaintiff has not met the requisites for appointed counsel and has not set forth any good faith reason or special circumstances why appointed counsel is necessary. In this most recent motion for appointment of counsel, plaintiff states that he is unable to afford counsel, the issues in the case are complex, he has no physical access to the law library but must rely upon the "law-library-thru-the-mail-only paging system," and he has limited knowledge of the law and "exactly no legal education." He also contends that defendants do not adequately respond to his discovery requests.

4. It is evident from his filings that plaintiff possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiff has ably pursued this

litigation the court sees no special circumstances requiring the appointment of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claim survive summary judgment.

     5. Plaintiff's motion to compel state defendants for discovery (D.I. 91) is **denied**. In particular, plaintiff contends that state defendants have not identified the individual who escorted him during a September 21, 2005 transfer. This issue appears to be moot in light of plaintiff's motion to amend the caption of the complaint wherein he identifies Lt. Taylor as Lt. Scott Taylor. See D.I. 105.

     6. Plaintiff also argues, in a wholesale manner, that the state defendants have denied the majority of his discovery requests despite their reasonableness. To support his motion plaintiff provides state defendants' written response to a request for production of documents, but does not identify which responses plaintiff believes are inadequate. Plaintiff advises the court that he does not wish to burden it by filing a "volley of motions." The court is appreciative of plaintiff's position, but cannot make rulings on discovery issues without detailed information.

                                            _____
                                            UNITED STATES DISTRICT JUDGE