## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOU GARDEN PRICE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-871-SLR |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | TRIAL BY JURY DEMANDED |
| DCC WARDEN TOM CARROLL, C.O. | ) | |
| LIEUTENANT TAYLOR, CAROLE | ) | |
| KOZAK, MARK FORBES, ROBERT | ) | |
| DURNAN, CHRIS MALANEY, BETTY | ) | |
| BURRIS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY BRIEF OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, TO PLAINTIFF'S RESPONSE TO CORRECTIONAL MEDICAL SERVICES AND STATE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendant, Correctional Medical Services, Inc., ("CMS") through its undersigned counsel, hereby submits this Reply to Plaintiff's Response to Correctional Medical Services and State Defendants' Motions for Summary Judgment and, in support thereof, aver as follows:

1.    Defendant, CMS, filed their Motion for Summary Judgment and Opening Brief on November 8, 2007.  D.I. 121 and 122.  Plaintiff filed an Answering Brief on December 21, 2007.  D.I. 129.

2.    Summary judgment is appropriate when it is shown there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if the evidence would allow a jury to find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The purpose of a summary judgment motion is to isolate, and then terminate, claims that are factually unsupported.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Summary

judgment should be granted when, after an adequate period of discovery, one party is unable to demonstrate a genuine issue of material fact to which that party has the burden of proof at trial. Id. A party is entitled to judgment as a matter of law when the nonmoving party has failed to make an adequate showing on an essential element of his case, to which he has the burden of proof at trial. Id.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading…If the opposing party does not so respond, summary judgment…shall be entered against that party." Fed. R. Civ. P. 56(e). Reliance of the nonmoving party on the pleadings alone is insufficient as a matter of law to survive a motion for summary judgment. Id. There are no genuine issues of material fact, and therefore, CMS' Motion for Summary Judgment should be granted.

3.    CMS is entitled to summary judgment because CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in a § 1983 action. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan w. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). Plaintiff does not dispute that respondeat superior is not a viable theory of liability. Plaintiff's Reply Brief at 12. For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, CMS may only be liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller, 802 F. Supp. 1126 (D. Del. 1992), citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

4.      Plaintiff's constitutional claims against CMS can not survive.  Plaintiff has failed to prove the existence or execution of any unconstitutional policy or custom on CMS' part causing a violation of plaintiff's constitutional rights.  Contrary to plaintiff's assertions, CMS did in fact have a policy and procedure for addressing care for an acute illness or an unexpected health need which was consistent with national guidelines.  CMS has provided the Court with its policy under seal.[1]  D.I. 114.  There is no evidence that the Inmate Housing Rules,[2] or anything contained therein, were in fact the policy or procedure enacted and followed by CMS to address "emergency sick call rights".  Plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care, and therefore, CMS cannot be held liable to plaintiff as a matter of law.

5.      In addition, there are no facts that demonstrate a deliberate indifference toward a serious medical condition on the part of defendant, CMS.  "A prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977).  A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).  To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 838 (1994).  In addition, a plaintiff must allege that his medical condition is "serious".  Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).  Mere medical malpractice

---

[1] Plaintiff testified that aside from the Inmate Housing Rules he did not take issue or have a problem with any other policies or procedures.
[2] The Inmate Housing Rules were filed by State Defendants in response to plaintiff's discovery, and are Bates numbers 285-336.  D.I. 88.

does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

6.      Plaintiff still has not alleged facts demonstrating the existence of deliberate indifference towards a serious medical condition on the part of CMS. He has not presented any evidence that CMS knew of a substantial risk to his health or safety. In fact, the evidence in the record establishes the contrary, that plaintiff was in fact receiving necessary medication and treatment.

In addition, with respect to plaintiff's claim that he experienced a delay in treatment that amounted to a constitutional violation, plaintiff has not presented any "verifying medical evidence,"[3] that anyone "ignored an acute or escalating situation" or that delays adversely affected his prognosis. Sherrer v. Stephens, 1994 U.S. App. LEXIS 33133 (8th Cir. Nov. 23, 1994). He has not presented any verifying medical evidence that CMS ignored an acute or escalating situation or that the alleged delay in treatment, specifically the delay in receipt of pain medication, caused permanent damage to his wrist.

7.      To the extent that plaintiff's claims fall within the definition of "Medical Negligence" pursuant to 18 Del. C. §6801(7), expert testimony must be provided to survive a motion for summary judgment. Plaintiff has not submitted any expert medical testimony to support his claim of medical negligence and therefore his claim must be dismissed as to defendant, CMS.

8.      Moreover, defendant, CMS, stands upon its prior arguments that plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform

---

[3] Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)

Act of 1996.[4]  Plaintiff merely claims that he has "established and respectfully demonstrated ad nauseam that he did follow the remedies available at that time."  Plaintiff's Reply Brief at 18. However, the evidence indicates that several procedural steps remained under the Department of Corrections Inmate Grievance Procedures that were not completed, thereby denying the Department of Corrections the opportunity to discover and correct any alleged mistakes and wasting judicial resources.  It is clear that plaintiff has not exhausted his administrative remedies made available by the Delaware Department of Corrections.  Therefore, plaintiff's claims alleging violations of 42 U.S.C. §1983 must be dismissed as to defendant, CMS.

WHEREFORE, defendant, Correctional Medical Services, Inc., respectfully requests this Honorable Court to grant its Motion for Summary Judgment.

MARSHALL, DENNEHEY, WARNER,
COLEMAN AND GOGGIN

BY:    /s/ Kevin J. Connors
KEVIN J. CONNORS, ESQUIRE (DE ID # 2135)
1220 N. Market Street, 5th Floor
P.O. Box 130
Wilmington, DE  19899-0130
(302) 552-4302
Attorney for Defendant, Correctional Medical
Services

DATED: January 24, 2008

15/572976.v1

---

[4] 42 U.S.C. §1997e (a) provides that:
No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.